## L. H. R. HANSEN v. TERMINAL MANUFACTURING COMPANY, INC. AND ANOTHER.[1]

November 5, 1937.

No. 31,360.

[1]Reported in 275 N. W. 611.

*G. P. Mahoney* and *John S. Morrison,* for relator.

*K. A. Campbell,* for respondents.

LORING, JUSTICE.

This case comes here on a writ of *certiorari* from the industrial commission, which rejected the relator's claim to compensation on the ground that the relationship of employer and employe did not exist between him and the Terminal Manufacturing Company. It is conceded that under our decisions in the cases of Donaldson v. William H. B. Donaldson Co. 176 Minn. 422, 223 N. W. 772; Erickson v. Erickson Furniture Co. 179 Minn. 304, 229 N. W. 101; and Benson v. Hygienic Artificial Ice Co. 198 Minn. 250, 269 N. W. 460; and Walsh v. Mankato Oil Co. 201 Minn. 58, 275 N. W. 377, the relationship did not exist as between the relator and the manufacturing company and that no recovery could be had against the company, but it is claimed that under the circumstances of this case the insurer is estopped from denying the relationship.

It is conceded that the manufacturing company was organized by the relator and that he owned substantially all of the stock in the corporation except that which was given to the dummy directors and officers, that in fact it is such a personal corporation as is referred to in the cases cited, and that as between the relator and the company no recovery could be had because, in effect, the relator is the corporation.

It appears that in computing the premiums paid by the manufacturing company the insurer resorted to the account books of the manufacturing company and took the total of the pay roll from that source. Its policy provided:

"This agreement is subject to the following conditions:

"A. The premium is based upon the entire remuneration earned, during the policy period, by all employees of this employer engaged in the business operations described in said declarations together with all operations necessary, incident or appurtenant

thereto, or connected therewith, whether conducted at such work places or elsewhere in connection therewith or in relation thereto; excepting, however, the remuneration of the president, any vice-president, secretary or treasurer of this employer, if a corporation, but including the remuneration of any one or more of such designated officers who are actually performing such duties as are ordinarily undertaken by a superintendent, foreman, or workman. * * * If this employer is a corporation, the entire remuneration of the president, any vice-president, secretary or treasurer shall be disclosed and made subject to a premium charge at the rate applicable to the hazard to which each such officer is exposed, which rate shall be applied to the actual remuneration of each such officer, but not in excess of $100 per week."

No check was issued to the relator for his salary, but his account was credited with $316 per month. The entry of that amount on the ledger was annotated to the journal, where the item appeared as a payment to an unnamed "outside solicitor." It is the claim of the relator that from this auditing of the books of the manufacturing company the insurer became fully advised of the relationship existing between the relator and the company, and that in consequence the commission should have found against it on the grounds of estoppel.

The relator was president of the company and conducted the corporation as a personally owned enterprise. He candidly admits that if it were not for the question of estoppel, which he has raised, the case would be controlled by the authorities cited and the decision of the industrial commission would necessarily be affirmed. There are two lines of cases on the question as to whether estoppel is a doctrine available in proceedings before the industrial commission. The respondent cites numerous respectable authorities to the effect that it is not. The relator cites authorities to the contrary; but, as we regard the case, we do not now need to decide that question because, aside from the other obvious defenses, we do not find in the record evidence to support the theory that the insurer knew of the relationship existing between Hansen and his

corporation. It knew, of course, that he was president, that a monthly credit was given to his account, but there is nothing to charge it with knowledge of the existence of the facts which tended to prove that it was a personal corporation owned and conducted by the relator as a personal enterprise. The examination of the account books by the insurer's auditor, for the purpose of determining the total pay roll, could not be said to be sufficient to disclose the relationship. There is nothing that shows that the insurer knew or was chargeable with knowledge that the relator had the ownership of substantially all the stock or that the relationship between him and his company was other than the ordinary relationship of a president of a corporation, the stock of which was in diversified ownership. That being the case, there is nothing in the record to support the doctrine of estoppel if available. The decision of the industrial commission must be affirmed.

Affirmed.

