ARIST KOROVILAS v. BON TON RENOVATING COMPANY, INC. AND ANOTHER.[1]

February 9, 1945.

No. 33,923.

*Ernest F. Jacobson* and *Mark F. Crotty,* for relator.
*Gillette & Meagher,* for respondents.

[1]Reported in 17 N. W. (2d) 502.

JULIUS J. OLSON, JUSTICE.

*Certiorari* brings for review an order of the industrial commission reversing the findings and award of compensation of a referee.

In this case, as in Bendix v. Bendix Co. 217 Minn. 439, 14 N. W. (2d) 464, the question is whether at the time of relator's injury he occupied the status of an employer or that of an employe.

The controlling finding of the commission, upon which its order is founded, is thus stated:

"That on June 6, 1943, Arist Korovilas was not an employe of the Bon Ton Renovating Co., Inc."

The facts are these: Three brothers, Arist (relator), Nick, and Gus, formed a corporation in 1926, Arist receiving 30 shares and his brothers 15 shares each. These men have since been the corporation. Arist has been its president and treasurer and, since 1939 to the day of the accident, June 6, 1943, its secretary also. Nick was vice president. Gus was secretary until he left for Greece in 1939, since which time he has not been in this country, because of war conditions. The corporate records are few, and very little can be gathered from them. However, the record does contain the corporate articles; and on the back of a sheet in the sales book this appears:

"January 5, 1943, meeting of stockholders called to order by President Arist Korovilas. Gus Korovilas absent. Nick Korovilas present. The meeting was short. Look at the books, check the books. Decided to continue doing business as we are, Bon Ton Renovating, Inc. Wages to be paid to Nick Korovilas, $1,500.00 per year, also to Arist Korovilas, $1,500.00 per year. Officers to remain as follows: Arist Korovilas, president; Nick Korovilas, vice president; also, Arist Korovilas, treasurer and secretary. Decided no meeting until Gus Korovilas be back or vote by proxy. The above wages to be used as basis to the government income tax. (Signed) Arist Korovilas, Nick Korovilas."

Arist does not appear to have had any individual bank account. The only bank account was in the corporate name, but he had ex-

clusive possession and control of the checkbook and the account so that no one else could make withdrawals from the fund. He made use of that account at and for his own personal convenience or requirements. The checkbook stubs do not show payment of any wages or salaries. In explanation thereof it is said that these were always paid in cash. The entries afford very little, if any, light on the determinative question here. Without doubt, however, no once could hire or fire Arist. He was in fact the corporate enterprise.

In its opinion the commission pertinently observed:

"* * * Here we have a corporation which is largely a fiction of the law. There is a legal corporate entity, but, in fact, the business is actually conducted by the petitioner [relator here] himself. He testified that he manages the business; no one can discharge him; he handles the finances of the company about as he pleases. 'Practically he was the corporation and only by a legal fiction its servant in any sense.'"

We have reviewed with care the Bendix case and the decisions there cited and discussed, and we entertain no doubt that relator was not an employe of the Bon Ton Renovating Company, Inc. Since he was not in the service of the corporation under any contract of hire, expressed or implied, oral or written, he could not be and in fact was not its employe.

We have not overlooked relator's argument that, since respondent insurer fixed its premiums upon a salary basis which included relator's annual compensation of $1,500, therefore it cannot now, "after having collected premiums" on that total sum, deny liability. We think the Bendix case disposes of that claim. There, in quoting from Hansen v. Terminal Mfg. Co. Inc. 201 Minn. 216, 275 N. W. 611, as here, while the surety may have known that relator was the president, secretary, and treasurer of his corporation (217 Minn. 444, 14 N. W. [2d] 466), there was "nothing to charge it with knowledge of the existence of the facts which tended to prove that it [the corporation] was a personal * * * enterprise." Fur-

thermore, relator has made no assignment of error on this phase, the substance of his assignments being that "from the undisputed testimony * * * relator was an employe" under the act.

The order of the industrial commission is affirmed and the writ discharged.