## PATRICIA SHAFER, BY MILTON SHAFER, HER FATHER AND NATURAL GUARDIAN, AND ANOTHER v. GARY GAYLORD.

176 N. W. (2d) 745.

April 17, 1970—No. 41250.

*Sullivan, McMillan, Hanft & Hastings* and *William P. O'Brien,* for appellant.

*O'Leary, Trenti, Berger & Carey* and *Paul O'Leary,* for respondents.

Heard before Knutson, C. J., and Murphy, Otis, Rogosheske, and Sheran, JJ.

MURPHY, JUSTICE.

This is an appeal from an order of the district court denying a motion for a new trial in a personal injury action. Defendant, Gary Gaylord, contends that the trial court erred in directing a verdict for plaintiffs. He argues that the trial court should have submitted the question of plaintiff Patricia Shafer's contributory negligence to the jury.

The following is from the trial court's memorandum in which the facts are succinctly stated:

"This trial arose out of an accident wherein the plaintiff fell from the side door of a Mister Softee truck as it was traveling down the highway. As the plaintiff was falling, she screamed, alerting the defendant driver. The defendant immediately applied his brakes, stopping the truck before any of the wheels passed over the plaintiff. He immediately jumped from the truck and noted that the plaintiff was lying in such a position that her leg was pinched to the pavement by the left dual wheel of the truck. The plaintiff's doctor testified that at this stage of the occurring events the plaintiff had not received any injuries. As the plaintiff was lying on the highway and the defendant driver was standing above her, the plaintiff told defendant driver to back the truck up so that she could free her leg. The defendant testified that he could see from the circumstances that it was imperative that the truck must be backed up to prevent serious injuries to the plaintiff. In any event, the defendant jumped back into the truck, and instead of placing the gear shift into reverse, he placed it into forward and ran over plaintiff's foot and leg, causing serious injuries to the plaintiff.

"Defendant's attorney requested the Court to instruct the jury as to contributory negligence on the part of the plaintiff, claiming that the falling from the truck and the ultimate injuries when the truck passed over plaintiff's leg constituted a natural sequence of events leading to her injuries, and now claims that the Court's failure to do so and the Court's directing a verdict as to liability is error."

In contending that the trial court erred in directing a verdict for plaintiffs, defendant relies upon overlapping defenses including the rescue doctrine and the emergency doctrine, as well as contributory negligence. He argues that the minor plaintiff's asserted negligence in falling from the truck to the pavement placed him "in the position of a rescuer, and to find him negli-

gent as a matter of law when in the excitement and confusion of the moment he inadvertently moved the vehicle in a direction not intended" is to charge him with responsibility for "conditions and circumstances * * * which * * * were of the plaintiff's own making"; and if in the emergency thus created plaintiff was injured, the causal responsibility therefor was a question of fact for the jury to decide.

We cannot agree that the rescue doctrine, which has been developed for the benefit of the injured rescuer, is of aid to defendant here. The doctrine makes the original wrongdoer whose negligent conduct threatens harm to another liable to the rescuer who is injured as a result of an attempt to avoid such threatened harm. National Dairy Products Corp. v. Freschi (Mo.) 393 S. W. (2d) 48; McConnell v. Pic-Walsh Freight Co. (Mo. App.) 432 S. W. (2d) 292; Kelley v. Alexander (Tex. Civ. App.) 392 S. W. (2d) 790; Seipel v. Sevek, 53 N. J. Super. 151, 146 A. (2d) 705; Walsh v. West Coast Coal Mines, Inc. 31 Wash. (2d) 396, 197 P. (2d) 233; Hawkins v. Palmer, 29 Wash. (2d) 570, 188 P. (2d) 121. We find no way in which that doctrine has application to the facts in this case.

Nor do we think that the emergency rule aids defendant. That rule, as expressed in numerous decisions, provides that when an operator of a motor vehicle is suddenly confronted with an emergency through the negligence of another and not through his own negligence and is compelled to act instantly to avoid a collision or injury, he is not guilty of negligence if he makes such a choice as a person of ordinary prudence placed in such a position might make, even though he does not make the wisest choice. The law does not demand that accuracy of judgment which would be expected under other circumstances, and in such cases, even though he makes a mistake, he will not be deemed to have been guilty of negligence or contributory negligence unless his choice of action is that which no ordinary prudent person would have taken under similar circumstances. Schmitt v. Emery, 211 Minn. 547, 2 N. W. (2d) 413, 139 A. L. R. 1242; 7 Am. Jur. (2d) Auto-

mobiles and Highway Traffic, § 359; 8B Dunnell, Dig. (3 ed.) § 4167b(17); Prosser, Torts (3 ed.) § 33.

We agree with the trial court that the facts in this case deprive defendant of the benefit of the emergency rule. Before defendant committed the negligent act which produced the injury, he had ample opportunity for thought and reflection. It cannot be fairly said that defendant was in a position where he had to make a speedy decision without an opportunity to appraise the course of action he should take.

■ Defendant next contends that plaintiff's alleged negligence in falling from the truck, and the movement of the wheel over her leg, were all circumstances in a chain of jural causes constituting one transaction and that defendant's act of operating the truck in the wrong direction could not be an intervening act which would break the sequence of events. He argues that since there was a question of fact as to the issue of proximate cause and contributory negligence the issue should be left for the jury to decide. The trial court was of the view that two episodes took place, the first being the girl's fall, terminating in the predicament where her leg was caught or pinched by the truck tire. Defendant's examination of her predicament and the volitional act of operating the truck over her leg the trial court considered as a second episode which constituted an intervening, superseding cause. The following are the views of the trial court as expressed in his memorandum:

"The Court * * * is * * * of the opinion that the defendant driver had both the time and the ability to make a conscious choice of going frontwards or backwards once he saw the perilous position that the plaintiff was in, and he voluntarily or negligently chose to drive the car forward, producing the injuries and result which would not have otherwise occurred. There is no question that when the driver saw the perilous position that the plaintiff was in and got back into the truck and proceeded forward instead of backing up could not possibly be a natural sequence of events flowing from the original falling of the plain-

tiff from the truck. The Court was of the opinion that the defendant had adequate time to prevent serious injuries to the plaintiff, and recognizing the perilous position of the plaintiff, should have even been more cautious to see that the truck was placed in a proper gear to prevent further injuries to the plaintiff, and his failure to do so was negligence as a matter of law.

"The Court * * * is of the opinion * * * that if there was any contributory negligence on the part of the plaintiff, Patricia Shafer, that such negligence could not possibly be the proximate cause or contributing cause of her injuries."

We think the trial court's views are supported by our authorities. Moores v. N. P. Ry. Co. 108 Minn. 100, 121 N. W. 392; Robinson v. Butler, 226 Minn. 491, 33 N. W. (2d) 821, 4 A. L. R. (2d) 143; Sanders v. Gilbertson, 224 Minn. 546, 29 N. W. (2d) 357; Barrett v. Nash Finch Co. 228 Minn. 156, 36 N. W. (2d) 526; Tandeski v. Barnard, 265 Minn. 339, 121 N. W. (2d) 708; 13B Dunnell, Dig. (3 ed.) § 7005. In the more recent case of Kroeger v. Lee, 270 Minn. 75, 78, 132 N. W. (2d) 727, 729, we pointed out that an intervening, superseding cause is one having the following elements:

"* * * (1) Its harmful effects must have occurred after the original negligence; (2) it must not have been brought about by the original negligence; (3) it must actively work to bring about a result which would not otherwise have followed from the original negligence; and (4) it must not have been reasonably foreseeable by the original wrongdoer."

Assuming that the girl's conduct in permitting herself to fall through the truck door was negligent, it cannot be fairly said under the circumstances that the operation of the truck over her leg followed as a natural and proximate result of that negligence. We think that the trial court was correct in determining that the act of driving the truck over the girl's leg was an independent, volitional act which caused the injury.

■ Defendant next complains that the court erred in its in-

structions to the jury on the subject of damages. It appears that defendant feels the court should have instructed the jury to allocate damages between separate injuries resulting from the pinching of the soft tissue and the crushing of the bones by the weight of the truck. In disposing of this contention, the trial court made the following observation in his memoradum:

"Counsel for the defendant feels that the resulting verdict was excessive because of the prejudicial effects of the Court laying the whole responsibility of the injuries on the defendant, Gary Gaylord's shoulders. In reviewing the testimony of the doctor and the plaintiff and the plaintiff's parents, the Court feels the verdict is minimal, taking into account the plaintiff's pain and suffering, long hospitalization, and permanent disability. She is a young girl who will be crippled for her remaining years as a result of this accident. Fifty thousand dollars is not excessive under these circumstances."

We may assume that in making its determination as to damages the jury was aware of the minimal damages caused by the pinching of the soft tissue and, by their verdict, attempted to compensate for the real injury which resulted from the weight of the truck on plaintiff's leg.

In discussing the claim of defendant that the trial court erred in directing a verdict and should have permitted the jury to pass upon questions of contributory negligence and proximate cause, we are controlled by those authorities which lay down the rules which govern such a determination by the trial court. The rule has been stated in various ways. Lee v. Smith, 253 Minn. 401, 92 N. W. (2d) 117; Erickson v. Strickler, 252 Minn. 351, 90 N. W. (2d) 232; Majerus v. Guelsow, 262 Minn. 1, 113 N. W. (2d) 450; Simon v. Carroll, 241 Minn. 211, 62 N. W. (2d) 822; and 19 Dunnell, Dig. (3 ed.) §§ 9764, 9770a, 9843.

In numerous cases we have said that a verdict may be directed only in those unequivocal cases where it clearly appears to the court on trial that it would be its manifest duty to set aside a con-

trary verdict as not justified by the evidence or as contrary to the law applicable in the case. Kolatz v. Kelly, 244 Minn. 163, 69 N. W. (2d) 649. In considering the application of this rule, it is of importance to note that the facts are not in dispute. Under the circumstances we cannot say that the court was wrong in being of the view that he would have been required to set aside a verdict for defendant in this case.

Affirmed.