# MUTUAL CREAMERY INSURANCE COMPANY v. GARY GAYLORD AND OTHERS.

186 N. W. (2d) 176.

April 2, 1971—No. 42292.

*Sullivan, Hanft, Hastings, Fride & O'Brien* and *William P. O'Brien,* for appellant.

*O'Leary, Trenti, Berger & Carey,* for respondents.

Heard before Knutson, C. J., and Nelson, Otis, Rogosheske, and Kelly, JJ.

NELSON, JUSTICE.

The action involved in this appeal was commenced by plaintiff-appellant, Mutual Creamery Insurance Company, seeking a declaratory judgment determining that an insurance policy issued by plaintiff on a truck used in the business of defendant-respondent Milton Shafer did not afford coverage for injuries sustained by Shafer's daughter, defendant-respondent Patricia Shafer, in an accident involving said truck.

The matter was tried in the District Court of St. Louis County, and on October 17, 1969, the trial court filed findings of fact, conclusions of law, and order for judgment determining that at the time of Patricia's accident she was not an employee of her father, Milton Shafer, and that coverage existed under the policy in respect to her. Plaintiff appeals from the judgment thereafter entered.

The facts are not in dispute. In 1963 Milton Shafer purchased a franchise for the operation of a Mr. Softee ice cream business. He also purchased a truck which was the sole means of production and distribution of the ice cream products in his franchise territory. Plaintiff issued an automobile liability policy covering the truck to Shafer and his wife which specifically referred to the occupation of the insured in connection with the operation of the business. The policy contained, among others, the following provisions:

"COVERAGE A - Bodily Injury Liability: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile."

"III. DEFINITION OF INSURED: (a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the

automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either. The insurance with respect to any person or organization other than the named insured or such spouse does not apply:

\* \* \* \* \*

"(2)   to any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer."

"THIS POLICY DOES NOT APPLY:

\* \* \* \* \*

"(d)   under coverage A, to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of (1) domestic employment by the insured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the insured \* \* \*."

The arrangement of the business, conducted from 1963 to 1968, was that Mr. Shafer obtained the franchise and truck, and his daughters, Patricia and Marguerite, worked on the truck making and selling the product to the public as the truck covered its route, cleaning the back or production end of the truck, and accounting for the money and sales each day. The earnings from the business were to go toward paying for the truck. When the truck was paid for, it was to belong to the daughters for their use and to help them with their education. It was Mr. and Mrs. Shafer's intention to create a livelihood for the girls after school hours and during their vacations, beginning with the late spring, through the summer, and ending in the fall contemporaneously with the football season. There was no regular schedule for either girl to work; whoever wanted to work helped on the truck on the particular day chosen.

In 1965 Gary Gaylord was hired to drive the truck and was

paid regular wages. The girls, on the other hand, were not paid. From time to time, they were given money as needed, but the amounts did not depend on the receipts from the business. Patricia was not carried on the payroll as an employee, and no money given to the girls was carried on the business books as wages or otherwise. The business did not withhold any tax from money given to the girls by their parents. Also, the business paid no tax for unemployment compensation or social security on behalf of either daughter, and there was no workmen's compensation provided for them or for Gaylord.

The facts relative to Patricia's injuries are set out in Shafer v. Gaylord, 287 Minn. 1, 176 N. W. (2d) 745, which affirmed a verdict in Patricia's favor. They need not be repeated here. Gaylord drove the truck with the permission of Mr. and Mrs. Shafer, to whom plaintiff's policy was issued. Plaintiff seeks to avoid liability, however, on the ground that Patricia was an employee of the Mr. Softee business and therefore is excluded from coverage under the policy.

The sole issue presented for our determination is whether a 15-year-old daughter of an insured who participates in the family business for no set wages or salary, but in the expectation of one day owning the business, is an employee of the insured under an automobile liability insurance policy issued on the business' truck.

■ In considering the issue raised, we are guided by the rule in Hillesheim v. Stippel, 283 Minn. 59, 166 N. W. (2d) 325, and Lindbery v. J. A. Danens & Sons, Inc. 266 Minn. 420, 123 N. W. (2d) 695, that the word "employee" as used in automobile liability policies should not be given a meaning inconsistent with its meaning for workmen's compensation purposes.

The trial court, in finding that Patricia Shafer was not an employee of the business, based its definition of "employee" on the workmen's compensation statute, Minn. St. 176.011, subd. 9, which states in part that " 'employee' means any person who performs service for another for hire; and includes * * * a mi-

nor." This court has also defined the term "employee" as meaning one who is employed by another or one who works for a salary or wages. State ex rel. Gorczyca v. City of Minneapolis, 174 Minn. 594, 219 N. W. 924. And we have held an "employee" within the Workmen's Compensation Act to be a person who performs service for hire and to whom an employer directly pays wages. Benson v. Hygienic Artificial Ice Co. 198 Minn. 250, 269 N. W. 460.

■■■ We think the major factor in determining whether Patricia was an "employee" under the liability policy to be the character of the business in which she and her family were engaged. The decision to go into the ice cream business was a decision which was made by and affected the entire Shafer family. The direct goal was to give the family an extra source of income, with the idea that the girls' time would be productively occupied and that they might someday have the business for themselves. It appears to us that the business was a joint enterprise, with the members of the family, including the girls, being copartners, and not one which involved an employment situation.

In Pederson v. Pederson, 229 Minn. 460, 39 N. W. (2d) 893, the issue raised was whether a partner was an employee of the partnership business within the purview of the Workmen's Compensation Act. This court, through Mr. Chief Justice Loring, held that he was not, quoting with approval from Cooper v. Industrial Acc. Comm. 177 Cal. 685, 687, 171 P. 684, 685 (229 Minn. 462, 39 N. W. [2d] 895):

"The Workmen's Compensation Act clearly does not contemplate such a mixed relation as that existing between partners, wherein each member of the partnership is at the same time principal and agent, master and servant, employer and employee; and wherein each, in any services he may render, whether under his general duty as a partner or under a special agreement for some particular service, is working for himself as much as for his associates in carrying on the business of the firm."

This court went on to say in Pederson that the Workmen's Compensation Act contemplates two parties—an employer and an employee—under a contract of hire, and where the facts of a case indicate that the injured person is an employer as well as a worker, there can be no recovery since the act does not contemplate dual status in one party. Therefore, a partner is not an employee of a partnership under the act. See, also, Herman v. Kandrat Coal Co. 205 Pa. Super. 117, 208 A. (2d) 51; Fink v. Fink (Fla.) 64 So. (2d) 770.

The fact that Patricia Shafer was engaged in working on a family project at the time of the accident certainly does not bring her within the employee exclusion of plaintiff-appellant's policy. Plaintiff has, however, cited a host of decisions of this court in support of its argument that Patricia was an employee. We deem none of these cases to be controlling. The record reveals that the business was family-oriented, that the girls worked on the truck to help out in the business, and that they received no wages for doing so. The girls' mother also contributed time and effort to help the girls, and none of them adhered to a set working routine. Mr. and Mrs. Shafer exercised control over the girls in the business, but this was only natural, as both of the daughters were teenagers at the time and unsophisticated in business. We reach the conclusion that under the Shafer family arrangement Patricia would not fall under the definition of "employee" as found in the Workmen's Compensation Act, and that the trial court could properly find that she was not an "employee" under the liability policy issued by plaintiff insurance company.

Affirmed.