# FARM BUREAU MUTUAL INSURANCE COMPANY v. DAVID P. WEBER, A MINOR, BY ANNABEL WEBER, HIS MOTHER AND NATURAL GUARDIAN, AND OTHERS.

245 N. W. 2d 238.

August 13, 1976—No. 46140.

*Farrish, Johnson, Maschka & Hottinger* and *Gerald L. Maschka,* for appellant.

*Miller, Neary & Zins* and *David E. Zins,* for respondents David and Annabel Weber.

*Gislason, Dosland, Hunter & Malecki* and *C. Allen Dosland,* for respondents Robert and Jerome Weber.

*Berens, Rodenberg & O'Connor* and *R. T. Rodenberg,* for respondent Schroepfer.

Heard before Kelly, Yetka, and Marsden, JJ., and considered and decided by the court en banc.

DAVID E. MARSDEN, JUSTICE.*

Farm Bureau Mutual Insurance Company appeals from a declaratory judgment finding that it was obligated to defend its insureds, Robert and Jerome Weber, in a personal injury action brought by David Weber who was injured in an accident near the family farm. We affirm.

The facts are not in dispute. David is the son of Robert and the nephew of Jerome Weber. At the time of this accident, Robert and Jerome Weber operated certain farms as a partnership. David, a 14-year-old school boy at the time of the accident, would occasionally help with the work, but without regularly scheduled hours and without compensation. On October 26, 1970, when he arrived home from school, David was told by his mother to go and help his father harvest corn on a farm leased by the partnership. David's father was operating a combine and David was instruct-

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

ed to haul wagons by tractor to the combine. After delivering an empty wagon to his father, David drove the tractor off the field and onto a public road, intending to go back to the other end of the field and pick up another wagon. It was dusk and the tractor had no "slow moving vehicle" sign or warning lights on the back. An automobile driven by Clement C. Schroepfer, Jr., struck the tractor from the rear, killing Schroepfer and injuring David.

Robert and Jerome Weber each carried farm liability insurance polices with Farm Bureau. A wrongful death action brought by Schroepfer's estate was settled by Farm Bureau. When David commenced a personal injury action against his father and uncle, they tendered the complaint to Farm Bureau for defense under their policies. Farm Bureau then initiated this declaratory judgment action, seeking a determination that it was not obligated to defend. The trial court decided against Farm Bureau.

## I

The principal issue argued by Farm Bureau on appeal is that it was not obligated to defend because David was an employee at the time of the accident. If David was covered at all, it was under the following provision:

"COVERAGE L—Liability to Public. The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury sustained by any person and injury to or destruction of property."

Yet the policy did not apply—

"7. under Coverage L, to bodily injury to the named insured or spouse or to any employee arising out of and in the course of his employment by the insured."

We hold that David was not within this employee exclusion for two reasons.

First, the relationship among David, Robert and Jerome Weber was a family relationship lacking any characteristics

peculiar to employment. We have frequently identified the right to control as the most important factor in identifying an employment relationship. See, e. g., Lindbery v. J. A. Danens & Son, Inc. 266 Minn. 420, 123 N. W. 2d 695 (1963) ; and Guhlke v. Roberts Truck Lines, 268 Minn. 141, 128 N. W. 2d 324 (1964). However, it is obvious that such right to control is equally characteristic of a parent-child or family relationship. Mutual Creamery Ins. Co. v. Gaylord, 290 Minn. 47, 52, 186 N. W. 2d 176, 180 (1971). Accordingly, other characteristics of employment must be present if David is to be classified as an employee. Those characteristics would include compensation, regularly scheduled hours, and continuity of service. State ex rel. Gorczyca v. City of Minneapolis, 174 Minn. 594, 596, 219 N. W. 924, 925 (1928). Here David was an unemancipated minor, assisting the insureds with farm work as time and school activities permitted. He was paid no wages and his spending allowances were wholly unrelated to hours worked or to farm receipts.

Both parties here have focused their arguments on Mutual Creamery Ins. Co. v. Gaylord, *supra,* where we held that a 15-year-old daughter of the insured was not excluded from liability insurance coverage as an employee. The family business was a Mr. Softee ice cream truck franchise. The minor child and her sister were paid no wages and did not work a regular schedule of hours. They were not regarded as employees for any business or tax purpose. To this extent, the facts in Mutual Creamery are closely analogous to those in the case at bar, and support the result we reach here. However, appellant argues that Mutual Creamery is distinguishable because the daughters were the intended beneficiaries of the business. Their parents purchased the Mr. Softee franchise with an intent to create a livelihood for their daughters after school and during vacations and with the desire that the daughters would eventually be able to own the truck and franchise. 290 Minn. 49, 186 N. W. 2d 178. On this basis, we found the daughters to be copartners rather than employees. 290 Minn. 51, 186 N. W. 2d 179. We think the fact that

David Weber may lack this partnership "state" in the family farm makes it even more unnatural to characterize him as an employee. In Mutual Creamery, the minor child was a copartner, never having attained the status of an employee. Here, David Weber does not even rise to the status of an employee. There are no characteristics of the relationship with his father and uncle which are inconsistent with a typical family relationship. Other authorities relied upon by appellant: Lowry v. Kneeland, 263 Minn. 537, 117 N. W. 2d 207 (1962); and Hillesheim v. Stippel, 283 Minn. 59, 166 N. W. 2d 325 (1969), are so factually dissimilar that they are not controlling.

The second reason we hold David not to be within the employee exclusion is that it is manifestly apparent from the terms of the insurance policies that the parties thereto did not intend him to be within the exclusion. One policy included the following coverages for farm employees:

"COVERAGE O—Liability to Farm Employees. The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury sustained by a farm employee whose bodily injury arises out of and in the course of his employment by the insured.

"COVERAGE P—Medical Payments for Farm Employees. The Company will pay all reasonable expenses for services rendered within one year from the date of accident for necessary medical, dental, surgical, X-ray, ambulance, hospital, professional nursing and funeral services, pharmaceuticals, eyeglasses, hearing aids, and prosthetic devices to or for each farm employee who sustains bodily injury caused by accident arising out of and in the course of his employment by the insured."

Yet David Weber was an additional insured under the following definitional provision:

"1.  'Insured' means
(a)  the named insured,
(b)  with respect to each individual named insured, if resi-

dents of his household, his spouse, the relatives of either, and any other person under the age of twenty-one in the care of an insured."

As such, he was excepted from coverage as a farm employee under the following exclusion:

"13. under Coverages O and P, to bodily injury to any insured within the meaning of subdivisions (a) and (b) of Definition 1, unless such person is named in the Declarations with respect to Coverages O and P."

David was not named in the declarations as an employee. From the structure of the policy, it appears that the intent was to purchase comprehensive and correlative coverages, those persons excluded from public liability coverage L as employees being included under farm employee coverages O and P. Since David was excluded by definition from coverages O and P, it could not reasonably have been intended that he be excluded from coverage L as well.

We do not go so far as to hold that the parties may not by contract create gaps in coverage. See, Shapiro v. Employers Liability Assurance Corp. 139 Misc. 454, 456, 248 N. Y. S. 587, 590 (Sup. Ct. 1931); 12 Couch, Insurance (2 ed.) § 44:483, p. 52; and Western Casualty and Surety Co. v. Teel, 391 F. 2d 764, 768 (10 Cir. 1968), which state the proposition that the employee exclusion clause in public liability insurance should correspond to workers' compensation coverage so that only those claims are excluded which would entitle the injured person to workers' compensation. In Milbank Mutual Ins. Co. v. Biss, 281 Minn. 260, 266, 161 N. W. 2d 622, 625 (1968), as in the case at bar, the farm employee was excluded from workers' compensation coverage by Minn. St. 176.041, subd. 1. We held nevertheless that he was within the employee exclusion in a public liability insurance policy. Milbank is not controlling here because in that case the injured person was not a relative of the insured. But Milbank does by its holding reflect a view that insurance coverage will

not be extended beyond the reasonable expectations of the parties as evidenced by the terms of the policy. One of the policies in Milbank excluded all farm employees from public liability coverage, and no correlative farm employee coverage was purchased. One of the policies in the case at bar contains this additional coverage. The parties to the insuring agreement should have the right to bargain over the scope of risks intended to be included within the policy.

## II

A second argument raised by Farm Bureau is that, even if David was not an employee, he was a named insured under exclusion 7. However, all additional insureds are not named insureds. 12 Couch, Insurance (2 ed.) § 45:307. See also, G. C. Kohlmier, Inc. v. Mollenhauer, 273 Minn. 126, 130, 140 N. W. 2d 47, 49 (1966).

## III

Finally, Farm Bureau raises an unscheduled premises defense. The Farm Bureau policies contained the following definition:

"5. 'Premises' means

(a)  premises identified in the Declarations including private approaches to such premises, but excepting business property,

(b)  other farm premises or residence premises which the named insured, as owner or tenant, acquires while this policy is in force, including private approaches to such premises, but excepting business property, provided the named insured (1) notifies the Company within one year following the date of such acquisition and (2) pays any additional premium required because of such acquisition."

We hold that the unscheduled premises defense is not applicable here. Where Farm Bureau intended the defense to apply, it has explicitly limited coverage. Coverage M pertains to medical payments for public and exchange farm help. Paragraphs (a) and (b)(1) therein expressly refer to premises. Coverages O and P, pertaining to farm employees, are similarly restricted because

the term "farm employee" is elsewhere defined with reference to the premises. In contrast, the public liability provision of coverage L is not expressly restricted to designated premises. Accordingly, the defense is not applicable. See, Kook v. American Sur. Co. of N. Y. 88 N. J. Super. 43, 210 A. 2d 633, 18 A. L. R. 3d 784 (Super. Ct. App. Div. 1965); Annotation, 18 A. L. R. 3d 795.

Affirmed.