ALBERT MICHAEL ETHEN v. FRANKLIN MANUFACTURING COMPANY (DIVISION OF STUDEBAKER) AND ANOTHER.

176 N. W. (2d) 72.

March 20, 1970—No. 41883.

*Murphy, Metcalf & Hoolihan* and *James G. Metcalf,* for relator.

*Robb, Van Eps & Gilmore* and *Curtis C. Gilmore,* for respondents.

Heard before Knutson, C. J., and Nelson, Otis, Sheran, and Theodore B. Knudson, JJ.

OTIS, JUSTICE.

Relator, Albert Michael Ethen, seeks review of a decision of the Workmen's Compensation Commission denying him benefits.

The only issue is whether an injury arising out of a company picnic was work-related and, therefore, compensable. We hold that it was not.

The employee, a forklift operator, was requested by his foreman to take part in a tug of war at a company-sponsored picnic held on Sportsmen's Island in the Mississippi River near St. Cloud on August 26, 1967. About half of the 1,100 employees attended. For some undisclosed reason the event in which the employee was to participate was canceled. However, he attended the picnic and shortly after 4 p. m., at his foreman's request, met him at a bridge where the foreman was directing traffic. Finding that he did not need assistance, the employee started back to another part of the island to "socialize." As he did so, a company truck being used for cleanup work passed him. He jumped on the running board and grasped the window frame. In so doing he slipped and fell under a wheel, resulting in a 15-percent permanent partial disability to his back.

The referee found that the employee had sustained a personal injury arising out of and in the course of his employment and awarded benefits. In an accompanying memorandum, he supported his conclusion with the following observation:

"* * * The employer here did finance the cost of the picnic and there is no question that the employer did benefit from the event not merely in a vague way through better morale or goodwill but through many advantages for having an opportunity for goodwill and good public relations."

On appeal to the commission, the award was reversed and benefits denied. After citing the authorities, Commissioner C. H. Schaefer summarized the reasons for the commission's decision in the following language:

"Measured by the guidelines of these cases and the text cited from Larson, we do not believe that the facts in this case establish that the attendance and activity at the picnic to be a part of employment activity. The picnic was on a non-working

day for most employees. The employees for whom it was a work day remained at work and did not attend the picnic. No wages were paid, attendance was voluntary as indicated by the fact that a substantial percentage of employees did not attend, and further while the employer arranged and paid the cost of the picnic, there is no showing that a benefit was obtained except the pleasure and recreation of the employees."

We are in accord with the commission's conclusions.

The employee relies on two cases which we believe are distinguishable.[1] Le Bar v. Ewald Bros. Dairy, 217 Minn. 16, 13 N. W. (2d) 729, involved an accident arising out of participation in a softball game on a team sponsored by the employer. There was no compulsion to join the team and games were played after regular hours. The employer, however, furnished balls, bats, and shirts on which the name of the company appeared. It also paid the entrance fee and recognized the players at an annual banquet. Occasionally the games were broadcast. The employer's motive was to secure the goodwill of the public. The commission found as a fact that the company deemed this activity an essential or desirable part of its business and hence found that the disability arose out of the employment of the injured player. In the case at hand there is no such finding nor is there evidence which would support one.

We affirmed a decision of the commission awarding benefits to dependents of a police officer, killed while target shooting, in Sandmeyer v. City of Bemidji, 281 Minn. 217, 161 N. W. (2d) 318. There, we noted that the employee was being of service to the employer and not merely engaging in an activity for personal gratification or advancement. The dominant motive, we said, was to serve the employer's purposes. Unlike the activity in the

---

[1] The employee in addition cites as authority Ricciardi v. Damar Products Co. 45 N. J. 54, 211 A. (2d) 347. However, we have rejected the "special mission" rule there adopted as it applies to recreational activities. Youngberg v. The Donlin Co. 264 Minn. 421, 119 N. W. (2d) 746.

Sandmeyer case, the employee here was doing nothing to enhance his vocational abilities.

In arriving at our decision, we have weighed the factors which we regard as governing[2] and have concluded that the employer did not derive a substantial and direct benefit from the employee's attendance at the picnic "beyond the intangible value of improvement in the employee's health or morale that is common to all kinds of recreation and social life." Youngberg v. The Donlin Co. 264 Minn. 421, 427, 119 N. W. (2d) 746, 750; United Parcel Service v. Industrial Accident Comm. 172 Cal. App. (2d) 73, 342 P. (2d) 41. Although the employer sponsored and financed the picnic and encouraged attendance, participation was purely voluntary and no record of attendance was taken. The event was not held on a workday, and those who did not attend were not required to perform other duties. The employer did not take advantage of the occasion to make speeches or grant awards. Although the employee was asked to take part in one of the events, he was not required to do so, and as it turned out the event was canceled. His purpose in jumping on the company truck was not to assist in the cleanup operation, but merely to obtain a ride to another part of the island for purposes of his own.

The sum of these considerations persuades us that the commission was justified in determining there was not substantial benefit to the employer which would warrant an award of compensation. Consequently, we affirm.

Affirmed.

MR. JUSTICE MURPHY took no part in the consideration or decision of this case.

---

[2] See, 1 Larson, Workmen's Compensation Law, § 22.23.