## JOHN D. McDONALD v. ST. PAUL FIRE & MARINE INSURANCE COMPANY.

183 N. W. (2d) 276.

November 27, 1970—No. 42210.

*George A. Kurtz* and *Daniel B. Gallagher,* for relator.
*Meagher, Geer, Markham & Anderson, Mary Jeanne Coyne, O. C. Adamson II,* and *Carlyn D. Knudson,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Peterson, Kelly, and Rosengren, JJ.

ROGOSHESKE, JUSTICE.

Certiorari to review a decision of the Workmen's Compensation Commission denying compensation to an employee who was injured while playing in an intramural company softball game.

The issue presented here is whether there is substantial evidence to support the 2-1 decision of the commission that the injury did not arise out of and in the course of employment within the meaning of Minn. St. 176.011, subd. 16. We hold that there is and affirm the commission's decision.

The facts are not in dispute. The employee at the time of his injury was employed as a bundle wrapper for St. Paul Fire & Marine Insurance Company. On June 23, 1966, while playing on

a softball team in an intracompany league game off the premises of the employer after working hours, he injured his knee. The softball teams are sponsored by the Clock and Globe Club, an unincorporated social association of employees of St. Paul Fire & Marine Insurance Company. Membership in the club is voluntary and open to all employees of the company, although some employees do not join. The club's members elect representatives who transact business and elect club officers. The company does not control the club but reserves the right to restrict activities detrimental to the company. In addition, the club's records are audited annually by the company. Softball is just one of numerous social and athletic activities sponsored by the Clock and Globe Club, and according to the club's budget for 1966, finances for these activities came from three sources: Membership dues ($2,692), profit from vending machines located on employer's premises ($12,332.25), and direct contribution from the company ($335.26). There is an arguable dispute between the parties over whether the vending machine receipts should be considered contributions of the company or the employees. The company is a party to contracts with independent vendors and furnishes space for the machines, but pursuant to some undisclosed arrangement known to the employees, the proceeds from their operation have always been given to the Clock and Globe Club.

This case is before the court for the second time. Originally, a two-man commission was equally divided as to whether to affirm the referee's award of compensation, there being a vacancy at that time on the commission. Upon certiorari by the employer (McDonald v. St. Paul Fire & Marine Ins. Co. 283 Minn. 533, 167 N. W. [2d] 723), we remanded the case on the basis that the commission is not a reviewing tribunal but a factfinding tribunal. A split decision amounts to no determination by the commission as a factfinding tribunal, and therefore there was nothing for an appellate court to review. Now the case is before us for review of a factual determination by a factfinding

tribunal under recognized limitations governing the scope of our review.

The scope of our review of decisions of the Workmen's Compensation Commission is firmly established and enunciated in numerous cases. 21 Dunnell, Dig. (3 ed.) § 10426(13) note 16. Although the terminology varies, the essence of the rule is that the commission determination must be upheld if there is credible evidence to support it. E. g., Dudovitz v. Shoppers City, Inc. 282 Minn. 322, 164 N. W. (2d) 873. In the case at hand, only the inferences arising from undisputed facts are in issue. Although the commission could have made a determination favorable to the employee on the evidence presented, and even though we might have so decided the case, we are obligated to affirm the decision unless it is manifestly contrary to the evidence.

The conclusion that the commission's decision is supported by the evidence is substantiated by the law governing the award of benefits in this type of case. In his comprehensive treatise, Professor Larson reviews the case law pertaining to workmen's compensation for injury incurred in athletic activity sponsored or encouraged by the employer. 1 Larson, Workmen's Compensation Law, § 22.24. Noting that compensation awards are contingent upon a certain "mix" in the fact situations, he isolates four fact categories for analysis: Whether the activity takes place on or off employer's premises and in or out of working hours; the degree of employer initiative and control of the activity; the amount of employer contribution of money or equipment; and the quantity and type of employer benefit. As in other jurisdictions, the commission and courts in Minnesota have relied on the particular facts of each case, especially as they pertain to the factors mentioned by Larson. In Le Bar v. Ewald Bros. Dairy, 217 Minn. 16, 13 N. W. (2d) 729, this court affirmed a commission award for employee's injury sustained while playing for a company-sponsored softball team in a commercial league. The court concluded that from the advertisement value and the manner in which Ewald Bros. Dairy had supported employee sport-

ing activities, the commission could justifiably find that the employer considered the athletic contests an essential part of its business.

In the more recent case of Youngberg v. The Donlin Co. 264 Minn. 421, 426, 119 N. W. (2d) 746, 749, we noted in dictum that—

"* * * coverage under the Workmen's Compensation Act must depend largely upon the relative extent of the employer's control and supervision and the degree of benefit the employer receives from the activity. Each case must be determined upon its particular facts."

It should be noted that the facts of that case are much different than those now before the court, and denial of benefits there was predicated on the facts that the recreational activity in which the employee had engaged was not incident to his employment and the injury occurred when the employee was returning to his home. This court also recognized in both the Youngberg case and Ethen v. Franklin Mfg. Co. 286 Minn. 371, 176 N. W. (2d) 72, that the type of benefit contemplated is something beyond improvement in employees' health or morale.

Although the facts of the instant case are not identical to those of prior cases, similarities and differences should be considered. In the Le Bar case there was evidence of significant advertising and public relations value to the employer, as well as employer sponsorship. This was not the case in Ethen v. Franklin Mfg. Co. *supra,* which, although arising from a company picnic rather than a sports activity, is in some respects more similar to this case then is Le Bar. The employer in Ethen arranged and paid for the picnic but received no substantial business-related benefit therefrom. The court in that case affirmed the commission's reversal of a referee's award of benefits. Similarly, in the instant case the employer arguably contributed significant financial support to the Clock and Globe Club's activities, including the softball program. However, there is little, if any, evidence

in the record of employer control or benefit to the employer beyond improvement in employees' morale. Consequently, employee has not sustained the burden required to prevail in an appeal from a decision of the Workmen's Compensation Commission. It must be acknowledged that the record contains credible evidence supporting the commission's denial of benefits, for that conclusion depended upon the variant inferences which the fact-finding tribunal might reasonably draw from the undisputed facts.

Employee here relies essentially upon the contention that vending machine proceeds given to the Clock and Globe Club should have been deemed a gift from the employer. Even if that arguable inference is accepted, as well it might be, it does not leave the commission's decision unsupported by substantial evidence in view of the entire record submitted. Although evidence showing significant employer contribution to an athletic program is relevant and pertinent in workmen's compensation cases, alone it does not compel a finding of a work-connected injury. Ethen v. Franklin Mfg. Co. *supra;* 1 Larson, Workmen's Compensation Law, § 22.24. Therefore, absent a conclusive showing of employer control of and benefit from the intramural softball league, the evidence considered as a whole is adequate to support the finding that the injury did not arise out of and in the course of employment.

Affirmed.