## DARLENE V. TIETZ v. HASTINGS LUMBER MART, INC., AND ANOTHER.

210 N. W. 2d 236.

August 31, 1973—No. 44009.

*Jardine, Logan & O'Brien* and *Jon L. Levy,* for relators.

*McMenomy, Hertogs & Fluegel, Samuel H. Hertogs, Robb, Van Eps & Gilmore,* and *Curtis C. Gilmore,* for respondent.

PER CURIAM.

Relators seek review of a decision of the Workmen's Compensation Commission awarding benefits to respondent, widow of the deceased employee. The only issue is whether a drowning, resulting from a boating accident during a company picnic, was work-related and, therefore, compensable. We affirm.

The picnic was an annual outing sponsored and financed by the Hastings Lumber Mart, Inc., for the benefit of all of its full-time male employees. Full attendance was actively encouraged and actual attendance was usually close to 100 percent. The outing was held on a workday afternoon chosen in advance to provide as little conflict as possible with other obligations of the employees. Those who attended received a full day's pay. Those who did not attend were not required to work as the business premises were closed at noon on the day of the outing. However, some wage adjustment was made for those not attending, either by a reduction in the employee's sick leave or, in one case, by a direct docking of wages.

Although this occasion was not used to make speeches, present awards, or to otherwise enhance the vocational abilities of the employees, the commission found that the personal injury did arise out of and in the course of decedent's employment within the guideline of whether or not the employer derived a direct and substantial benefit from the employees' attendance at the outing "beyond the intangible value of improvement in the employee's health or morale that is common to all kinds of recreation and social life." Youngberg v. The Donlin Co. 264 Minn. 421, 427, 119 N. W. 2d 746, 750 (1963).

We have weighed the factors which we regard governing,[1] and are convinced that the commission's findings are not manifestly contrary to the evidence and that they have followed the guidelines of Ethen v. Franklin Manufacturing Co. 286 Minn. 371, 176 N. W. 2d 72 (1970), in reaching their decision, although this case is factually distinguishable and a different result is mandated.

Attorneys' fees in the amount of $400 are allowed respondent on this appeal.

Affirmed.

---

[1] See, 1 Larson, Workmen's Compensation Law, § 22.23.