MARY M. DAHMEN v. RIVER TOWERS CORPORATION
AND ANOTHER.

218 N. W. 2d 702.

May 17, 1974—No. 44388.

*Robb, Van Eps & Gilmore* and *Curtis C. Gilmore,* for relators.
*Sween & Salazar* and *Harlan G. Sween,* for respondent.

PER CURIAM.

Certiorari to review a decision of the Workmen's Compensation Commission. The compensation judge found that an injury suffered by employee, Mary M. Dahmen, which occurred on her way home from a work-related party, arose out of and in the course of her employment. On appeal, the Workmen's Compensation Commission agreed. The only issue before us on this appeal is whether there is evidence supporting the commission's finding that the injury was work related. We affirm.

The evidence in this case shows that employer, River Towers Corporation, held a Christmas party on December 18, 1970, which employee attended. The party was held on employer's premises during regular working hours, commencing at approximately 12 noon. Although the employees never returned to work that day, they were paid for a full 8-hour day, and employer took the opportunity of the party to present all employees with a Christmas bonus. All of the food and alcoholic beverages consumed at the party by employee were furnished by employer.

At approximately 7 p. m., employee decided to leave the party. Although she intended to take a taxicab home, her supervisor instructed her not to take a cab home, but to ride home with a fellow employee. The supervisor then approached another employee and asked him to drive employee home. Upon arriving at her home and while she was being assisted to her door, employee slipped and fell on the front steps and sustained the injury which gave rise to this appeal.

The commission determined that the injury was work related and

found employee to be temporarily totally disabled from December 18, 1970, through July 6, 1971, and from October 2, 1971, to the date of the hearing, August 1, 1972, and continuing thereafter. In addition, the commission found that employee sustained a 20-percent permanent partial disability of her left leg.

Generally, injuries occurring while the employee is going to and from work are not compensable under the Workmen's Compensation Act. Minn. St. 176.011, subd. 16. See, also Nehring v. Minnesota Min. & Mfg. Co. 193 Minn. 169, 258 N. W. 307 (1935). However, we find that the facts in this case, although the question is a close one, bring it within the exception to the general rule encompassing cases where the employer expands or extends the scope of employment by giving the employee an order which the employee performs because of the existence of the employer-employee relationship and is thereby injured. O'Rourke v. Percy Vittum Co. 166 Minn. 251, 207 N. W. 636 (1926).

Respondent is allowed $400 attorneys' fees.

Affirmed.