## MARGUERITE E. PASKO v. BEECHER COMPANY AND ANOTHER.

221 N. W. 2d 127.

August 16, 1974—No. 44699.

*Abrams & Spector* and *Mitchell R. Spector,* for relator.
*Fitch & Johnson* and *Raymond W. Fitch,* for respondents.

PER CURIAM.

Certiorari to review a decision of the Workmen's Compensation Commission. The Workmen's Compensation Commission found that an injury sustained by the employee, Marguerite Pasko, which occurred on her way to a work-related party, did not arise out of and in the course of her employment. The only issue presented is whether there is evidence supporting the commission's finding that the injury was not work related. We affirm.

The employer, Beecher Company, sponsored an annual party for employees, to which relator-employee was traveling on December 11, 1971, when the injury occurred. The party was held at the home of the company owner and was paid for by him. The

employer stated that as most of the employees were known personally to him, the party was in the nature of a social gathering at his home. He stated that the party was given to thank employees for their past year's work. The party was not compulsory, no penalty was imposed for failure to attend, and there was no work performed at the party.

The party was scheduled to commence at 6:30 p. m. As a coemployee was more familiar with the route to the employer's home, relator and the former made plans to meet and travel together. Relator drove to the coemployee's home and fell while transferring to the other's car before resuming the trip, sustaining an injury to her right leg.

The commission concluded that the elements of this social function were not sufficient to warrant the extension of workmen's compensation coverage. The employer's sponsorship of the function was not such that the employee's presence produced a direct and substantial benefit to the employer. Ethen v. Franklin Mfg. Co. 286 Minn. 371, 176 N. W. 2d 72 (1970). Upon review of a decision of the Workmen's Compensation Commission, this court will affirm unless the findings are manifestly contrary to the evidence. McDonald v. St. Paul Fire & Marine Ins. Co. 288 Minn. 452, 183 N. W. 2d 276 (1970).

It has generally been held that injuries arising while the employee is traveling to and from work are not compensable under the Workmen's Compensation Act. Nehring v. Minnesota Min. & Mfg. Co. 193 Minn. 169, 258 N. W. 307 (1935). It has further been held that injuries sustained in an automobile collision while the employee is returning home from an employer-sponsored Christmas party do not arise out of or in the course of employment so as to require awarding of benefits under the act. Ramaker v. Marjae, Inc. 301 Minn. 58, 221 N. W. 2d 125 (1974).

This court has recognized exceptions to this general rule when the employer expands or extends the scope of employment by requiring the employee to perform an act which the employee does

by virtue of the employer-employee relationship and is thereby injured. O'Rourke v. Percy Vittum Co. 166 Minn. 251, 207 N. W. 636 (1926). See, also, Dahmen v. River Towers Corp. 300 Minn. 514, 218 N. W. 2d 702 (1974), where the employer directed the employee to ride home with a coworker and injuries were sustained. The facts presented here do not invoke application of this exception to the general rule.

Affirmed.