DENNIS RAMAKER, A MINOR, BY JOSEPH RAMAKER, HIS FATHER AND NATURAL GUARDIAN, v. MARJAE, INC., d.b.a. JIMMY'S RESTAURANT, AND ANOTHER.

221 N. W. 2d 125.

August 16, 1974—No. 44702.

*Schway & Gotlieb* and *Jerome A. Gotlieb,* for relator.
*Faegre & Benson* and *Ludwig B. Gartner, Jr.,* for respondents.

Heard before Sheran, C. J., and Kelly, Yetka, Scott, and Knutson, JJ., and considered and decided by the court.

PER CURIAM.

Certiorari to review a decision of the Workmen's Compensation Commission. The compensation judge found that injuries sustained by the minor relator-employee, Dennis Ramaker, in an automobile collision which occurred on his return home from an employer-sponsored Christmas party did not arise out of or in the course of his employment. On appeal, the Workmen's Compensation Commission adopted the findings of the compensation judge and affirmed the order denying the claim. The only issue for our determination is whether there is evidence supporting the commission's decision. We affirm.

Dennis Ramaker, the minor relator, was employed as a part-time busboy at Jimmy's Restaurant, one of four restaurant establishments principally owned by Marjae, Inc. On December 21, 1970, a Christmas party was sponsored by the employer at one of the four establishments. The restaurant at which relator worked was closed early that day to allow the employees to attend the party. All of the food and alcoholic beverages consumed at the party were furnished by the employer. A representative of the employer attended the party, socialized with the guests, and delivered a short "welcome" speech.

The employee was driven to the party by his mother, but left with another minor employee, William Downing, at approximately 11:30 p. m. after both had consumed 3.2 beer on the premises. While the boys were returning home, the automobile driven by Downing collided with another automobile. There is some dispute in the testimony as to the condition of Downing and its effect upon his driving ability, as well as to the road conditions at the time of the collision.

As a result of the collision, the minor relator suffered crippling injuries, leaving him a paraplegic with permanent and total disability.

The standard employed by this court for review of decisions

of the Workmen's Compensation Commission is that we are obligated to affirm unless the decision is manifestly contrary to the evidence. McDonald v. St. Paul Fire & Marine Ins. Co. 288 Minn. 452, 183 N. W. 2d 276 (1970).

It has generally been held that injuries occurring while the employee is traveling to and from work are not compensable under the Workmen's Compensation Act. Minn. St. 176.011, subd. 16. Nehring v. Minnesota Min. & Mfg. Co. 193 Minn. 169, 258 N. W. 307 (1935). However, this court did affirm the Workmen's Compensation Commission's decision to extend coverage to a claim arising out of an injury the employee sustained in a fall on the front steps of her home while returning from a work-related party. Dahmen v. River Towers Corp. 300 Minn. 514, 218 N. W. 2d 702 (1974). There, this court stated that, although the question presented was a difficult one, the facts that the employer instructed the employee to ride home with a coemployee and that the employee complied on the basis of this employment relationship were significant enough to warrant compensation under the act. In support of our holding, we cited O'Rourke v. Percy Vittum Co. 166 Minn. 251, 207 N. W. 636 (1926).

However, we cannot conclude here that the injuries sustained in the automobile collision arose out of and in the course of relator's employment. His attendance at the Christmas party was neither compulsory nor rewarded by gifts or wages. Further, it appears that the party was scheduled merely for the pleasure of the employees rather than as an incident of the employment relationship or as a benefit to the employer. Any benefit derived by the employer would have to be classified as the intangible improvement of morale, falling far short of meeting the test of direct and substantial employer benefit. Ethen v. Franklin Mfg. Co. 286 Minn. 371, 176 N. W. 2d 72 (1970); McDonald v. St. Paul Fire & Marine Ins. Co. *supra*. Nor does this injury fall within the narrowly drawn exception set forth in Dahmen v. River Towers Corp. *supra*.

The decision of the Workmen's Compensation Commission denying the claim for coverage is therefore affirmed.

Affirmed.