**Carol JOHNSON, Respondent,**

v.

**TORO CO. (self-insured), Relator,**

**Blue Cross and Blue Shield of Minnesota, intervenor, Respondent.**

**No. CX–82–981.**

Supreme Court of Minnesota.

March 25, 1983.

Morse, Clinton & O'Gorman, Cottage Grove, for relator.

Gross, Von Holtum, Sieben & Schmidt and David A. Stofferahn, Minneapolis, for Johnson.

Indru Advani, St. Paul, for Blue Cross and Blue Shield of Minnesota.

WAHL, Justice.

Toro Company seeks review of a decision of a divided Workers' Compensation Court of Appeals holding, contrary to the determination of the compensation judge, that an injury sustained by employee Carol Johnson arose out of and in the course of her employment. We affirm.

The relevant facts are not in dispute. Since 1951, with the exception of a few years, Toro sponsored a dinner for its employees and retired employees shortly before Christmas and also distributed turkeys to its employees. Each employee who was working would receive an envelope containing his paycheck and a computer card which he could exchange at the end of his shift for a turkey. Employee, an assembler at Toro's plant in Windom since June 1978, was forced to take a medical leave of absence in the fall of 1979 because of a nonwork-related hand injury, but in December 1979, while still on medical leave, she received a letter inviting her to attend the Christmas dinner, to be held at the Windom Armory on December 21, and to come to the plant that day to receive a turkey. It was employee's understanding from this letter that she was required to appear at the plant and obtain a card from the office personnel in order to receive the turkey, so she came to the plant that day to obtain her turkey.

While still in Toro's parking lot, employee met Diane Sanow, a relative who also worked at the plant. Ms. Sanow had already obtained a card for employee and exchanged it for a turkey, which she gave to employee at that point. Employee turned to walk to a friend's automobile, but slipped and fell, injuring her right foot and fracturing her right ankle. This mishap resulted in 5 months of temporary total disability and a 10% permanent partial disability of the right foot and ankle, for which she sought compensation. Whether on these facts the Court of Appeals properly concluded that her injury arose out of and in the course of her employment and was thus compensable is the sole issue before us.

The compensation judge, with whom one member of the Court of Appeals agreed, determined that with respect to employee's injury no employer-employee relationship existed between the parties. He determined also that employee's acceptance of the employer's gifts of the dinner and turkey was voluntary, that the employer de-

rived no substantial benefit from that acceptance, and thus that the injury did not arise out of and in the course of employment. He relied on *Ramaker v. Marjae, Inc.,* 301 Minn. 58, 221 N.W.2d 125 (1974), *Pasko v. Beecher, Co.,* 301 Minn. 61, 221 N.W.2d 127 (1974), and *Ethen v. Franklin Mfg. Co.,* 286 Minn. 371, 176 N.W.2d 72 (1970), which held that if employer-sponsored social functions brought the employer no greater benefit than improved employee morale, injuries sustained by employees while going to, participating in, or returning from such functions are not compensable.

Because those cases had determined compensability by focusing primarily on whether the employer received substantial benefit from the function, the majority of the Court of Appeals held the rule set forth in them inapplicable to the circumstances presented here. Instead, the majority stressed the fact that the injury occurred on Toro's premises, the fact that Toro expressly directed employee to come to the plant to obtain her turkey and on the fact that the longstanding custom of giving each employee a turkey made it in effect an expected form of bonus compensation which employee had anticipated acquiring because of her employment relationship with the employer.

In our view these factors are sufficiently significant to support the conclusion that employee's injury did arise out of and in the course of her employment. No cases are precisely in point, but it has been held both by the predecessor of the Court of Appeals and by courts in other jurisdictions that an injury sustained by an employee who returned to the employer's premises because the employer required him to do so in order to pick up his paycheck arose out of and in the course of employment. *See Oja v. A. Guthrie & Co., Inc.,* 8 W.C.D. 34 (1933); *Miller v. Grue's Bakery,* 26 W.C.D. 496 (1972); 1A A. Larson, *Law of Workmen's Compensation,* § 26.30 (1982). Although the paycheck cases stressed both the employer's contractual obligation to pay his

employee for work performed and the fact that the employer imposed on the employee the requirement of returning to the premises to obtain his pay, similar elements are present here. While Toro had no contractual obligation to furnish the turkeys, its custom of giving employees a turkey when they received their pre-Christmas paycheck reasonably led to the employees' anticipation of receiving that gift as a form of bonus compensation.[1] And while employee was not required to accept the turkey, her employer's letter directed her to come to the premises if she wished to receive it. Her presence there at the time of her injury was thus clearly incident to the employment relationship, leading us to conclude that, as in the paycheck cases, employee's injury arose out of and in the course of her employment.

In reaching that conclusion, we are aware that at the time of the injury employee was temporarily incapable of performing her usual work. That fact clearly does not require the conclusion that no employment relationship then existed between the parties—a relationship which Toro in fact acknowledged by offering employee the Christmas gifts it offered its other employees. Nor do we agree with the view, advanced in the dissent, that employee's inability to perform services on that day requires the conclusion that her injury is not a personal injury within the meaning of Minn.Stat. § 176.011, subd. 16 (1982). If this statute were to be construed literally, injuries sustained by an employee in the employer's parking lot shortly before or after his work would not be compensable, and that clearly is not the law. *Merrill v. J.C. Penney,* 256 N.W.2d 518 (Minn.1977); *Goff v. Farmers Union Accounting Service, Inc.,* 308 Minn. 440, 241 N.W.2d 315 (1976). Admittedly, employee was not able to perform her usual work on the date of her injury, but her presence at the employer's parking lot was as much the result of the employer-employee relationship as was the presence of the employees on their employers' premises in the paycheck cases.

---

1. Contrary to the view expressed in the dissenting opinion, we perceive no logical reason for holding that only a gift of cash in a substantial amount is a bonus.

Employee is awarded attorney fees of $400.

Affirmed.

PETERSON, Justice, dissenting.

I respectfully dissent. In my view the undisputed facts require the conclusion that employee Carol Johnson's injury did not arise out of and in the course of her employment with relator, Toro Company. The result should not be determined by semantic rather than substantive matters of fact.

Employee was invited to a buffet dinner; she was neither "directed" nor "required" to attend. Similarly, she was offered a Christmas gift of a turkey, for which it was only necessary that she appear in advance to obtain a card—at most a condition for the gift.

The applicable statute, Minn.Stat. § 176.011, subd. 16 (1982), provides:

"Personal injury" means injury arising out of and in the course of employment * * *; but does not cover an employee *except while engaged in, on, or about the premises where his services require his presence as a part of such service at the time of the injury* and during the hours of such service.

(Emphasis added). Clearly, employee was on the premises at the time of her injury to accept a gift and was not there because her services "require[d] her presence as a part of such service at the time of the injury * * *."

As the compensation judge had similarly reasoned, the employee's acceptance of the employer's gifts of dinner and a turkey was voluntary, the acceptance of which gave no substantial benefit to the employer. We ourselves reached the same result in *Ramaker v. Marjae, Inc.,* 301 Minn. 58, 221 N.W.2d 125 (1974); *Pasko v. Beecher Co.,* 301 Minn. 61, 221 N.W.2d 127 (1974); and *Ethen v. Franklin Mfg. Co.,* 286 Minn. 371, 176 N.W.2d 72 (1970), which held that if employer-sponsored social functions brought the employer no greater benefit than improved employee morale, injuries sustained by employees while going to, participating in, or returning from such functions are not compensable.

This situation is distinguishable from that in which employees are required to appear in person at the employer's premises to obtain their paychecks. The latter is premised on the employer's contractual obligation to pay its employees for work performed, in connection with which the employer imposes the requirement that the paycheck be picked up at the premises. See 1A A. Larson, *Law of Workmen's Compensation,* § 26.30 (1979). As a basis for decision, the majority's easy translation of this customary gift as "in effect" an "expected form of bonus compensation which the employee had anticipated" is unprecedented.

AMDAHL, Chief Justice, dissenting.

I join in the dissent of PETERSON, J.

SIMONETT, Justice, dissenting.

I join in the dissent of PETERSON, J.

COYNE, Justice, dissenting.

I join in the dissent of PETERSON, J.