MARGARET LINDBERY, TRUSTEE FOR NEXT OF KIN OF ROBERT EDWARD LINDBERY, v. J. A. DANENS & SON, INC., AND ANOTHER.

123 N. W. (2d) 695.

October 4, 1963—No. 38,918.

*Iverson, Coulter & Nelson* and *Irving C. Iverson,* for appellant.

*Meagher, Geer, Markham & Anderson, M. J. Coyne,* and *O. C. Adamson II,* for respondents.

OTIS, JUSTICE.

This is an action for death by wrongful act[1] brought against defendant Edward McMahon as driver and defendant J. A. Danens & Son, Inc., as owner of a truck which struck decedent, Robert Edward Lindbery, while he was standing on an excavation site waiting for his own vehicle to be loaded.

The jury rendered special verdicts finding the driver, McMahon, liable and awarding the trustee damages in the sum of $25,000. Based on these verdicts the court entered findings of fact, conclusions of law, and order for judgment determining that decedent was an employee of defendant Danens and not an independent contractor at the time of his death, and holding that the estate's only recourse against Danens was under the Workmen's Compensation Act.[2] From the judgment so entered the trustee appeals.

The facts are not in dispute. Decedent Lindbery was a sergeant on the Edina police force and supplemented his income by owning and operating a heavy-duty dump truck. At one time he owned several such trucks and hired drivers to work for him. By 1957 he had substantially reduced his trucking activities in order to devote more time to his family and then owned only one truck which he himself operated or which was operated by one of three drivers whom he hired from time to time.

The particular project upon which he was working when he was struck on October 11, 1957, was the excavation of earth at Yale Place and 13th Street in Minneapolis. As was its usual practice, Danens sim-

---

[1] Minn. St. 573.02.

[2] Minn. St. 176.031 provides: "The liability of an employer prescribed by this chapter is exclusive and in the place of any other liability to such employee, his personal representative, surviving spouse, parent, any child, dependent, next of kin, or other person entitled to recover damages on account of such injury or death."

ply called Lindbery, advised him where the excavating was occurring, and to what location the earth was to be hauled. The contract was oral and called for the payment of $8 an hour for the truck and driver. Danens had a number of its own trucks doing the same work on the same site operated by drivers whom it steadily employed. The accident occurred after Lindbery drove his truck onto the excavation area and was waiting his turn to be loaded. He got out of the cab and was standing near the loading site when a Danens truck, operated by defendant McMahon, backed into him, causing injuries which 10 days later resulted in his death.

In determining whether a particular relationship is that of an employee or an independent contractor we have been guided by the rules suggested in the Restatement.[3] The basic test, however, continues to be whether the contract contemplates performance with or without the right to exercise detailed authoritative control over the manner and means by which the work is to be accomplished.[4]

In support of her contention that decedent was an independent contractor, appellant points out that Lindbery supplied his own equipment, maintained and repaired it at his own expense, and furnished his own fuel and oil. He was not carried on the regular payroll of the Danens company, and they withheld nothing from his compensation for Federal income taxes or social security, did not include him in any consideration of unemployment insurance, or treat him as an employee in reporting to their workmen's compensation carrier. In addition, Lindbery was not working full time for Danens but was called only as needed and sometimes sent his equipment with a driver who was employed directly by him. Appellant argues from these circum-

[3]Castner v. Christgau, 222 Minn. 61, 66, 24 N. W. (2d) 228, 231; Graf v. Montgomery Ward & Co. Inc. 234 Minn. 485, 491, 49 N. W. (2d) 797, 801; Restatement, Agency, § 220.

[4]Geerdes v. J. R. Watkins Co. 258 Minn. 254, 262, 103 N. W. (2d) 641, 646; Mount v. City of Redwood Falls, 260 Minn. 16, 19, 108 N. W. (2d) 443, 446; Larson v. Le Mere, 220 Minn. 25, 32, 18 N. W. (2d) 696, 700; Angell v. White Eagle Oil & Ref. Co. 169 Minn. 183, 187, 210 N. W. 1004, 1005; Oestreich v. Lakeside Cemetery Assn. 229 Minn. 209, 211, 38 N. W. (2d) 193, 195.

stances that an intent of the parties to create the relationship of independent contractor is manifested.

Weighed against these contentions are a number of factors which militate strongly in favor of finding an employer-employee relationship. While it is true that Danens exercised very little control over Lindbery, it was because the work to be performed required virtually no supervision. All that was necessary was to indicate where the excavating was to take place and the location where the earth was to be unloaded. In granting Lindbery latitude Danens was influenced to some extent by the fact that Lindbery was a police officer who was "safety minded" and was unusually reliable in performing his work. While it seems clear Danens had the right to exercise control over Lindbery, as a practical matter it didn't prove necessary. Nevertheless, there were occasions when Danens admonished Lindbery against working too fast to avoid his taking loads out of turn. In addition, Danens specifically directed the manner in which Lindbery and other drivers were to maintain a lookout while backing up their trucks.

Appellant relies on Moore v. Kileen & Gillis, 171 Minn. 15, 213 N. W. 49, which held that in a similar situation the relationship of independent contractor was created. However, the court there characterized the decision as a "close to the border line" case. The owner-driver was hired for a fixed amount to haul goods to a logging camp during the winter. The court found nothing in the relationship to suggest any right of control or supervision in the manner of accomplishing the contract. Since the injured driver was not paid on an hourly or daily basis, he was free to take as much or as little time as he wished and was at liberty to divert his equipment to other purposes if he so desired. We are of the opinion that the distinctions in the Moore case prevent it from governing this decision.

Turning to the considerations which prompt us to hold decedent was an employee of Danens, it should be noted that he was not performing the work usually done by a specialist requiring a particular skill or training. Indeed, he was doing precisely the same work being performed by all of the other drivers who were employed by Danens. It might be said that the only distinction between his employment and

that of the others was the fact that Danens hired not only Lindbery but also his truck, compensating him on a basis which took into account the use of his equipment. Lindbery did not contract to perform a specific job in an area of employment in which he had a competence[5] not shared by the other contracting party. He was not bidding for a contract calling for compensation based on a fixed amount out of which he hoped to realize a profit in the usual manner of a contractor or subcontractor. In any view of the matter he was merely working for ordinary wages.[6] The contract specified neither the duration nor quantity of the work to be done and could be terminated by either party at will.[7] It is relevant although not controlling that Lindbery apparently had not been in the practice of undertaking ordinary excavation contracts for a fixed fee, but confined his operations to providing a truck and driver on an hourly or daily basis.[8]

Most of the decisions which have defined the relationship we here determine stem from claims made under the Workmen's Compensation Act. We recognize that they have been influenced by the policy of the legislature and the courts to give the act a broad, liberal construction appropriate in dealing with remedial legislation. However, under a given set of facts we cannot justify inconsistent conclusions simply because a common-law action may be involved in one case and a workmen's compensation claim in another.[9] Assuming, for ex-

---

[5]Wass v. Bracker Const. Co. 185 Minn. 70, 72, 240 N. W. 464, 465.

[6]Barker v. Bemidji Wood Products Co. 184 Minn. 366, 370, 238 N. W. 692, 693.

[7]Herron v. Coolsaet Bros. 158 Minn. 522, 527, 198 N. W. 134, 136.

[8]Bolin v. Scheurer, 210 Minn. 15, 18, 297 N. W. 106, 107.

[9]The difficulty in reconciling common-law rules governing vicarious liability of an employer with the tests applied in determining eligibility for workmen's compensation is well discussed in 1 Larson, Workmen's Compensation Law, § 43.40, et seq. The author suggests that the "control test" is being jettisoned in favor of the "nature of the work test," which (§ 43.52) "contains these ingredients: the character of the claimant's work or business— how skilled it is, how much of a separate calling or enterprise it is, to what extent it may be expected to carry its own accident burden and so on— and its relation to the employer's business, that is, how much it is a regular part of the employer's regular work, whether it is continuous or intermit-

ample, that Lindbery had been killed through his own negligence in driving his truck off the highway, we would have little hesitation in supporting his widow's contention that he was an employee of Danens, entitling her to the benefits of the act. Weighing all of these factors, whether based on the "right of control" test which we have consistently applied or the "nature of the work" test urged by legal scholars and commentators, we are of the opinion that at the time of his death Lindbery was an employee of Danens, and hold that his trustee is therefore limited to recovery under the Workmen's Compensation Act.

Affirmed.

---

tent, and whether the duration is sufficient to amount to the hiring of continuing services as distinguished from contracting for the completion of a particular job."

One example appropriate to the instant case is cited by Larson as follows (1 Larson, Workmen's Compensation Law, § 43.42): "* * * if I regularly, year in and year out, engage an individual trucker to transport logs from my woods to my lumber mill, which is an integral part of my lumbering operation, paying him by the load, and reserving no right of control over the details of his work, it is quite possible that this man is as appropriate a subject for compensation protection as any worker that could be found. He is taking a regular and continuous part in the manufacture of my product; his work is hazardous; his rate of pay is such that he and his family cannot be expected to bear the cost of industrial accident. In every respect he is the kind of worker for whose benefit the compensation act was thought necessary. Should he be deprived of compensation because of the vicarious-liability requirement of control of the details of the work?"

See, also, Note, 46 Minn. L. Rev. 199, 201.