MILBANK MUTUAL INSURANCE COMPANY v. WALTER BISS AND OTHERS.
AUSTIN-ST. PAUL MUTUAL INSURANCE COMPANIES, APPELLANT.

161 N. W. (2d) 622.

August 30, 1968—Nos. 40,584, 40,603, 40,640.

*Garrity, Cahill, Gunhus, Streed & Grinnell,* for appellant Austin-St. Paul Mutual Insurance Companies.

*Rufer, Blatti, Hefte & Pemberton,* for appellant Milbank Mutual Insurance Company.

*Winter, Lundquist & Sherwood* and *Donald B. Pederson,* for respondents Biss.

*I. L. Swanson,* for respondents Lilleboe.

OTIS, JUSTICE.

This is a declaratory judgment action between two liability carriers to determine whether either or both are obliged to defend a policyholder against whom an action has been brought for personal injuries resulting from an automobile accident which occurred on the insured's farm premises. The Milbank Mutual Insurance Company policy insures against automobile liability but excludes employees of the insured. The Austin-St. Paul Mutual Insurance Companies' policy covers public liability but excludes farm employees. The only issue is whether the trial court correctly held that the injured party was not an employee at the time of the

accident and was therefore not excluded from coverage under either policy.

The essential facts are not in dispute. On August 11, 1961, Wesley Lilleboe, who was then 13 years of age, was picked up at his home by the insured, Walter Biss, and his two sons, Wayne and Larry Biss, and was driven to a farm owned by Biss, to assist in harvesting grain. When they reached the farm, there was a delay in starting work because the combine was not functioning properly. While they were waiting for the mechanic to make repairs, the two Biss boys were sent to the farmyard, a distance of about 50 rods from the field, to prepare the granary bin for receiving the oats which were being harvested. Lilleboe accompanied them but did not take part in this activity. When the Biss boys had completed their preparations, they got into a GMC truck to drive back to the field. The older son, Wayne, testified:

"Q.  And then, I take it, you would have said to your other brother and to the Lilleboe boy some words which would result in their getting either on or in the truck so as to go out to the combine?

"A.  Correct.

"Q.  And it was then at your direction that the Lilleboe boy got on the truck and was on the truck at the time of this particular accident?

"A.  Correct."

Lilleboe was standing on the running board of the truck as it headed back toward the combine when he fell off and was injured. Some 4 years later he brought an action against Biss to recover damages. Biss claimed coverage with both Milbank and Austin-St. Paul. This declaratory judgment action has been brought to determine whether either or both are obliged to defend Biss.

The relevant provisions of the Milbank policy are as follows:

"* * * This policy does not apply under Part 1:

* * * * *

"(e) to bodily injury to any employee of the insured arising out of and in the course of (1) domestic employment by the insured, if benefits therefor are in whole or part either payable or required to be provided

under any workmen's compensation law or (2) other employment by the insured * * *."

The Austin-St. Paul exclusion provides as follows:

"This policy does not apply:

* * * * *

"(d) under coverages A and B, to bodily injury to or sickness, disease or death of

"(1) any farm employee arising out of and in the course of his employment by the insured unless farm employees are specifically declared in this policy * * *."

The trial court specifically found as follows:

"That Wesley Lilleboe was not an employee or a farm employee of Walter Biss when the accident herein material happened; that the injuries sustained by the said Wesley Lilleboe did not arise out of and in the course of his employment."

Young Lilleboe had previously worked for Biss in 1960 and again in 1961. He was employed 15 or 20 days during the season, picking rocks from the fields and operating a tractor to haul grain in a wagon. His pay had been 50¢ an hour. Biss testified that Lilleboe had been paid only for the time during which he operated the tractor and the time it took to return home at night. Lilleboe also testified that his compensation started when he began hauling grain. Because Lilleboe was injured before he got to the field, it is the contention of Biss that he neither earned nor received any pay on the day of the accident. Hence, he argues that the injury did not arise out of, and in the course of, employment and the exclusions do not apply. As far as the ride from the farmyard to the field is concerned, Biss asserts that it was merely an accommodation or personal favor unrelated to employment.

The narrow questions are (1) whether our decision in State Farm Mutual Auto. Ins. Co. v. Skluzacek, 208 Minn. 443, 294 N.W. 413, governs; and (2) whether in identical fact situations we are obliged to come to diametrically opposite conclusions in construing insurance exclusions and in interpreting the Workmen's Compensation Act.

The Skluzacek case held that a 16-year-old boy who had been given a ride by a farmer and was struck by his automobile about 100 feet from where the boy was hired to weed an onion patch, was not an employee at the time of the accident. Hence it was held that the following exclusion did not apply (208 Minn. 445, 294 N.W. 414):

"The company shall not be liable * * * for bodily injury to any employe of the assured while engaged in the business of the assured."

The decision was predicated on the fact that the employee's hours of service had not commenced and that the use of the truck was not intended for taking the injured boy to the onion field but for the farmer's own purposes. The distance from the farmhouse to the field was short and transportation by truck was not always available. The court concluded by noting that under the evidence findings either way could have been sustained. We concur in the contention of Biss that the Skluzacek case is difficult to distinguish. It is of some significance, however, that in that case the farmer stated he permitted the injured boy to ride in the truck, but was not using it for that purpose, while in the case at hand young Biss testified that he directed Lilleboe to get on the truck in order to ride to the field.

The dilemma in which courts find themselves is that whatever rule we fashion will be applicable to workmen's compensation cases. Minn. St. 176.011, subd. 16, provides in part:

" 'Personal injury' means injury arising out of and in the course of employment * * *."

Section 176.021, subd. 1, provides in part:

"* * * Every such employer * * * is liable to pay compensation in every case of personal injury or death of his employee arising out of and in the course of employment * * *."

"Arising out of and in the course of employment" is the language used in both the Milbank and Austin-St. Paul policies. In a number of cases arising under the Workmen's Compensation Act we have held that an employee is covered while on the employer's premises during the period of ingress and egress, notwithstanding the accident occurs before or after the

period for which the employee is paid. Lienau v. Northwestern Tel. Exch. Co. 151 Minn. 258, 186 N.W. 945; Novack v. Montgomery Ward & Co. 158 Minn. 495, 198 N.W. 290; Olson v. Trinity Lodge, 226 Minn. 141, 32 N.W. (2d) 255; Nelson v. City of St. Paul, 249 Minn. 53, 81 N.W. (2d) 272; Blattner v. Loyal Order of Moose, 264 Minn. 79, 117 N.W. (2d) 570; Swenson v. Zacher, 264 Minn. 203, 118 N.W. (2d) 786; Johannsen v. Acton Const. Co. Inc. 264 Minn. 540, 119 N.W. (2d) 826; Hill v. Terrazzo Machine & Supply Co. 279 Minn. 428, 157 N.W. (2d) 374. The rule is stated thus (1 Larson, Workmen's Compensation Law, § 15):

"§ 15.00 As to employees having fixed hours and place of work, injuries occurring on the premises while they are going to and from work before or after working hours or at lunchtime are compensable, but if the injury occurs off the premises, it is not compensable, subject to several exceptions. Underlying some of these exceptions is the principle that course of employment should extend to any injury which occurred at a point where the employee was within range of dangers associated with the employment."

As applied to the facts of this case, it is true that Lilleboe did not have the kind of fixed hours characteristic of office, shop, or industrial workers. Nor did his period of compensation begin until he was actually operating the tractor. Nevertheless, he was on the employer's premises preparing to begin his work, was under the direction and control of the employer, and was exposed to the potential hazards inherent in farm operations. From the undisputed evidence it is clear that Lilleboe was riding the truck at the direction of the elder Biss son, who was supervising the immediate assignment delegated to him and his brother. Although Lilleboe had no responsibility in preparing the granary, we are of the opinion that as a matter of law he was an employee at least by the time he was directed to ride the truck to the area where he was expected to work.

Other courts have dealt with this conflict of policy considerations by simply applying the rule that compensation acts, being remedial, should receive a liberal construction in favor of the employee, while exclusionary

clauses in insurance policies, which are private contracts, should be strictly construed against the insurer. B. & H. Passmore M. & R. Co. v. New Amsterdam Cas. Co. (10 Cir.) 147 F. (2d) 536. In I-L Logging Co. v. Manufacturers & Wholesalers Ind. Exch. 202 Ore. 277, 306, 273 P. (2d) 212, 224, 275 P. (2d) 226, the Oregon court commented on the distinction in language with which the Passmore case dealt, making the following observation:

"\* \* \* The difference is one of judicial attitude rather than one of difference in phraseology. The difference has its origin in the fact that in the one case a contract of insurance is the subject of attention and in the other an item of remedial legislation. We can see merit in the distinction."

To the same effect is Artukovich v. St. Paul-Mercury Ind. Co. 150 Cal. App. (2d) 312, 310 P. (2d) 461. We might very well adopt the reasoning of these cases but for the fact that the language of the statute and the language of the policies are almost identical. Under such circumstances, we are unwilling to hold that one who is injured is an employee for purposes of applying the compensation act but is not an employee for purposes of affording liability insurance coverage. Lindbery v. J. A. Danens & Son, Inc. 266 Minn. 420, 123 N.W. (2d) 695.

Since, as we have indicated, Lilleboe would clearly have been entitled to benefits under the Workmen's Compensation Act had farm employees not been expressly excluded by statute, we hold that he was likewise an employee under the exclusionary provisions of the Milbank and Austin-St. Paul policies. Accordingly, the judgment of the trial court extending coverage to the employer, Walter Biss, is reversed.

Reversed.