GLORIA VROMAN v. CITY OF AUSTIN
AND ANOTHER.

169 N. W. (2d) 61.

June 27, 1969—No. 41639.

*Kenneth K. McMillan,* for relator.
*Victor C. Johnson* and *Bey, Severson, Ochs & Johnson,* for respondents.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and Peterson, JJ.

Per Curiam.

Certiorari to review a decision of the Workmen's Compensation Commission denying benefits to the widow of decedent employee, who died in an aircraft accident, on the grounds that the personal injury resulting in his death did not arise out of or in the course of his employment.

Decedent was employed by the city of Austin as its airport manager, with custodial duties. Among these custodial duties, for which he was paid $200 a month, were mowing lawns; shoveling sidewalks; washing windows; waxing floors; cleaning lavatories; and, what is most directly involved in this case, checking the automatic runway lights and replacing any burned-out bulbs. These runway lights are only 2 1/2 feet off the ground and could be adequately checked and serviced from the ground. His duties customarily ended with the onset of darkness, which on this date was approximately 7 p. m.

Relator asserts that at the time of the accident decedent was using his personal aircraft to check the runway lights from the air, as he had done at other times. However, the evidence indicates that his employer neither requested nor required him to do so. It had at no time required decedent to have a pilot's license or to operate aircraft as part of his custodial duties. It neither supplied an aircraft to decedent nor reimbursed him for the use or expense of operating his own aircraft.

It is unquestioned that decedent frequently flew his aircraft for his personal pleasure both during and after his normal working hours, including night flights. On the date of the accident, decedent left the airport in the afternoon to attend a function of a local Eagles Club, into which he was being initiated. His wife locked the airport building in his stead and thereafter joined him at the club for dinner. He departed from the club alone at about 8:30 p. m. and was not thereafter seen by anyone until he was found dead in the wreckage of his aircraft 1 1/2 miles from the airport.

The burden of proof rests upon the claimant, as we held in Burke v. B. F. Nelson Mfg. Co. 219 Minn. 381, 181 N. W. (2d) 121, to establish, without speculation or conjecture, that the injury and death arose out of and in the course of the employee's employment. Neither the evidence adduced, nor the evidence which relator asked the commission to consider in further hearings, would warrant any finding different than that under review.

Affirmed.