DOROTHY FUNK v. A. F. SCHEPPMANN & SON CONSTRUCTION COMPANY AND ANOTHER.

199 N. W. 2d 791.

July 21, 1972—No. 43350.

*Farrish, Zimmerman, Johnson & Manahan* and *James H. Manahan,* for relators.

*Mork & Crippen* and *Gary L. Crippen,* for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, and Peterson, JJ.

Per Curiam.

Edwin L. Funk, an employee of relator A. F. Scheppmann & Son Construction Company, sustained fatal injuries while driving the employer's motor vehicle. Respondent, his widow, was awarded benefits on the commission's finding that the deceased employee's injury and death arose out of and in the course of his employment. We reverse.

The circumstances out of which the claim arose are not complicated. Decedent-employee resided with his wife at Worthington, Minnesota. Scheppmann, his employer, was headquartered at Okabena, Minnesota. Decedent was a field supervisor on Scheppman construction projects in the state of Iowa. The work involved irregular hours. Decedent was furnished by the employer with a pickup truck, together with expenses for its operation, for the performance of his work and was permitted

to use the truck in going to and from his home evenings and on weekends to visit his family.

Decedent apparently was traveling to his home in Worthington, using his employer's truck, in the late hours of April 21 or early hours of April 22, 1970, when he was involved in an accident from which he sustained fatal injuries. The place of the accident was on Iowa State Highway No. 60, near the Iowa-Minnesota border, the direct route from Sheldon, Iowa, where he had been, to Worthington, Minnesota. He had been at his home on the night of April 20, and on the night of April 21 he had, by telephone, informed Donald Ackerman, his employer's general superintendent, that he intended to go home.

The commission found and determined that decedent's fatal injuries arose out of and in the course of his employment, solely on the basis of the following provision in Minn. St. 176.011, subd. 16:

"* * * Where the employer regularly furnished transportation to his employees to and from the place of employment such employees are subject to this chapter while being so transported * * *."

This provision, for reasons stated in Cavilla v. Northern States Power Co. 213 Minn. 331, 6 N. W. 2d 812 (1942), and again stated in Bonfig v. Megarry Brothers, Inc. 294 Minn. 180, 199 N. W. 2d 796, filed herewith, are inapplicable with respect to an employee who, although using his employer's motor vehicle with the employer's permission, is traveling to or from his home for his own personal convenience and not in the performance of services for his employer.

Respondent contends that the evidence does establish that the decedent was traveling with a work-related purpose. Any finding of such purpose, however, would be based upon sheer speculation. The only evidence adduced by respondent is that decedent did, on some occasions of his return home, go to his employer's nearby Okabena plant if his duties required it, but affirmative evidence that such was intended or was necessary in this case is wholly lacking. To the contrary, Ackerman, with whom decedent had spoken by telephone before commencing his trip, testified that he knew of no business-related purpose for decedent's return home. An independent witness, John Dykstra, a telephone company employee with whom decedent had dined at Sheldon, Iowa, that night and with whom decedent had been at the telephone company store room until 9:30 p. m. discussing the next morning's project work at that place, testified that he did not observe and was not told anything which would indicate that decedent thereafter had any more work to do.

Johnson v. Range Blacktop Co. Inc. 278 Minn. 288, 153 N. W. 2d 823 (1967), is on this point indistinguishable. There, the deceased employee, who lived near Cloquet, Minnesota, was employed by the Range Blacktop Company of Eveleth, Minnesota, performing supervisory and mechanical work at various locations where the employer had street surfacing projects. Although he was in a general way expected to spend approximately 40 hours per week in the performance of his duties, his hours were irregular, varying according to the place and nature of his employer's work. Upon completion of his work at Eveleth in the late afternoon of one day, he was instructed to report to the employer's project site at Ely, Minnesota, the next morning. About 1 a. m. of that morning, he had driven to his home in Cloquet, although the record disclosed no instruction or plan for him to do so. We observed that had he intended to go to his home in order to further the interest of his employer, it was unusual that he had not said or done something to indicate that such was his plan before leaving Eveleth. We there affirmed the commission's denial of compensation because relator, the decedent's widow, had failed to establish that decedent was at the time on a work-related special errand for the employer.

The burden of proof, as we held in Burke v. B. F. Nelson Mfg. Co. 219 Minn. 381, 18 N. W. 2d 121 (1945), and reiterated in Vroman v. City of Austin, 284 Minn. 541, 169 N. W. 2d 61 (1969), is upon the claimant to establish, without speculation or conjecture, that the injury or death arose out of or in the course of his employment, a burden clearly not met on this record.

Reversed.

Mr. Justice MacLaughlin, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.