AUSTIN-ST. PAUL MUTUAL INSURANCE COMPANY v.
DOUGLAS BELSHAN AND OTHERS.

211 N. W. 2d 517.

October 5, 1973—No. 43699.

*Ross Muir* and *Michael B. Goodman,* for appellant.
*Baudler & Baudler* and *Bryan J. Baudler,* for respondents.

Heard before Knutson, C. J., and Otis, Kelly, and Gillespie, JJ.

PER CURIAM.

This declaratory judgment action is brought by a liability carrier against its insured to determine whether a third person injured in a farm accident was an employee excluded from coverage or an independent contractor. The trial court held that the insured was entitled to coverage, and we affirm.

The father of the injured party, Allen Orwick, contracted with the insured, Douglas Belshan, to have his son mow 10 acres of hay for which he was to be paid approximately $1.50 per acre. The work began the morning of June 10, 1970. As Orwick mowed, Belshan followed with a tractor and crimper. Shortly after the work started, the Orwick mower broke down. Orwick and Belshan worked until 3 p. m. to repair it. Later that afternoon, however, the crimper broke down. It was while Orwick was helping Belshan repair the crimper that a piece of metal struck Orwick's eye when Belshan was using a chisel.

Belshan's policy with plaintiff insurer provides:

"This policy does not apply:

\* \* \* \* \*

"\* \* \* to bodily injury to any farm employee \* \* \*."

The trial court held that Orwick was an independent contractor, acknowledging, however, that the issue presented "a rather close fact question." In seeking reversal, the plaintiff relies on Lindbery v. J. A. Danens & Son, Inc. 266 Minn. 420, 123 N. W. 2d 695 (1963); Milbank Mutual Ins. Co. v. Biss, 281 Minn. 260, 161 N. W. 2d 622 (1968); and Debold v. H. P. Martell & Sons, 289 Minn. 112, 183 N. W. 2d 283 (1971). However, we have concluded that in the peculiar circumstances of this case we need not decide whether the injured party was an independent contractor. It is enough to hold that at the time of his injury he was acting as a gratuitous volunteer. As far as the record shows, Orwick's only function was to mow hay. He had no responsibility for the crimping. He was not paid by the hour. He was receiving no compensation during the time he was helping to repair the Belshan crimper although

it was obviously to Orwick's advantage that the crimper be repaired so that he could go on with the mowing. Strictly speaking the repair work was not part of the job for which he was hired. The reciprocal help Orwick and Belshan gave one another flowed from their mutual interests in finishing the job and from a natural desire to be neighborly. Consequently we hold that Orwick was not an employee while doing work which was unrelated to the mowing. Accordingly, we affirm.

MR. JUSTICE YETKA and MR. JUSTICE SCOTT, not having been members of this court at the time of the argument and submission, took no part in the consideration or decision of this case.