# MARTHA J. LUNDGAARD v. STATE, DEPARTMENT OF PUBLIC SAFETY, AND ANOTHER.

237 N. W. 2d 617.

December 26, 1975—No. 45007.

*Sigal & Savelkoul* and *Richard A. Miller*, for relator.

*Brian R. Salita*, for respondent State, Department of Public Safety, Bureau of Criminal Apprehension.

*John T. Lilligren*, for respondent State, Department of Health.

Heard before Otis, Rogosheske, and Scott, JJ., and considered and decided by the court en banc.

SCOTT, JUSTICE.

Relator, Martha Lundgaard, seeks review of a decision of the Workmen's Compensation Commission denying her benefits upon a finding that injuries she sustained in an automobile accident were not work-related. The issue is whether the employee comes within an exception to the rule denying benefits for injuries sustained while traveling to and from a work situs. We reverse the commission's finding that the occurrence did not come within any exception.

Ms. Lundgaard was trained as a nurse anesthetist. She was employed by the Minnesota Department of Health in 1956 and began giving a series of lectures for the Bureau of Criminal Apprehension as a part of its police training program in 1962. To that end, she took leaves of absence from time to time to lecture on emergency care such as cardiopulmonary resuscitation.

On September 19, 1972, Ms. Lundgaard drove her own car to Bemidji to give such a lecture for the Bureau of Criminal Apprehension the following day. She was to receive $20 an hour for her services, plus 10 cents a mile for travel expenses. Her lodging was paid for by the Bureau. On the morning of September 20, she devoted 3 hours to the training program and then returned to Minneapolis. A short distance from her destination in that city she was involved in an automobile collision which gave rise to these proceedings for workmen's compensation benefits.

The compensation judge found that Ms. Lundgaard's disability arose out of the course of her employment with the Bureau of Criminal Apprehension and awarded her benefits accordingly. On appeal, the commission, by a vote of 2 to 1, held that Ms. Lundgaard was not traveling on a work-related purpose for the Bureau and denied her benefits. In arriving at its decision, the majority relied on Bonfig v. Megarry Brothers, Inc. 294 Minn. 180, 199 N. W. 2d 796 (1972); and Funk v. A. F. Scheppmann & Son Const. Co. 294 Minn. 483, 199 N. W. 2d 791 (1972).

Generally, injuries sustained by employees while regularly commuting between their place of employment and their place of residence do not arise out of and in the course of employment and are therefore not compensable under the provisions of the Workmen's Compensation Act, Minn. St. c. 176. Bonfig v. Megarry Brothers, Inc. *supra.* The commission would essentially require us to conclude that the employee was using the vehicle for her personal convenience and not for the benefit of the employer. Implicit in that reasoning is that inasmuch as the em-

ployer had no control over the means of transportation, the injury sustained in its use was not work related.

However, the facts before us lead to the conclusion that the use of the automobile was for the particular benefit of the employer and that the employee was not within the generally excluded category of persons who regularly commute to work for their own reasons. Ms. Lundgaard's contract of employment with the Bureau of Criminal Apprehension specifically provided that the latter would absorb the transportation and lodging expenses incurred in connection with lectures given at the Bureau's direction. Here the speaking engagements were scheduled by the employer at various locations throughout the state. Therefore, the travel to Bemidji, the presentation of the lecture, and the return to her Minneapolis home with her equipment were within the purview of the employer's errand. Any other conclusion would imply that this one portion of the total errand would be considered to be for the personal convenience of the employee merely because she had the option of selecting the mode of transportation to reach her directed destination.

In reaching this conclusion it is necessary to discuss its relationship with the Funk and Bonfig cases. Funk concerned an employee who was sent to a job construction site in Sheldon, Iowa, and was killed on a return trip to his Worthington, Minnesota, residence for his own personal convenience. Recovery was denied.

The employee in Bonfig, on the other hand, was *regularly* employed at a construction site near Grand Marais and resided in Freeport, Minnesota. His death was the result of injuries sustained while driving in Grand Marais in a company vehicle for his own personal convenience. The facts of these cases are therefore distinguishable from those of the instant case. In Bonfig, we said:

"An employee injured while driving an employer-owned motor vehicle, like an employee driving his own motor vehicle, has the burden of proving that he was at the time engaged in the per-

formance of his regular duties or, if not, that he was performing emergency work or a special errand for his employer." 294 Minn. 187, 199 N. W. 2d 801.[1]

The evidence in this case indicates that Lundgaard's journey was entirely an errand of the employer. The ride home was as much a part of the errand as the ride to Bemidji. Therefore this case does not need to fall within the statutory exception in order to allow compensation. Lundgaard's injury is compensable because the accident arose out of the course of her employment with the Bureau of Criminal Apprehension in the furtherance of the employer's "special errand."

The decision of the Workmen's Compensation Commission is therefore reversed on the basis that the whole of Ms. Lundgaard's errand was entirely that of her employer. Such a conclusion is not based upon the nonexclusive statutory exception found in the second sentence of Minn. St. 176.011, subd. 16,[2] but rather upon the operational language of Minn. St. 176.011, subd. 16.

Reversed.

---

[1] See, also, Cavilla v. Northern States Power Co. 213 Minn. 331, 6 N. W. 2d 812 (1942). Such an exception has been applied in cases regarding travelling salesmen. Johnson v. Crane Co. of Minnesota, 210 Minn. 519, 299 N. W. 19 (1941).

[2] L. 1923, c. 300, § 14, enacted in response to this court's decision in Nesbitt v. Twin City Forge & Foundry Co. 145 Minn. 286, 177 N. W. 131, 10 A. L. R. 165 (1920), provides a narrow exception to the well-settled rule that employees who commute to a fixed place of work cannot collect for injuries received while commuting. Such an exception cannot be construed as the sole description of transportation injuries for which compensation is allowed.