Patricia M. **RAYMOND**, Relator,

v.

**OSSEO/BROOKLYN SCHOOL BUS COMPANY and State Fund Mutual Insurance Co., Respondents.**

No. C8–90–717.

Supreme Court of Minnesota.

Nov. 30, 1990.

Sommerer & Schultz, Michael C. Schultz, Minneapolis, for relator.

Lynn & Associates, Inc., Andrew W. Lynn, Eden Prairie, for respondents.

COYNE, Justice.

This case is before the court on a writ of certiorari to review a decision reversing, by majority decision, the compensation judge's award of benefits. Because we agree that the employee did not establish that her injury arose out of and in the course of employment, we affirm.

Patricia M. Raymond worked as a special education bus driver for the Osseo–Brooklyn School Bus Company. On a typical work day, she would drive her own car from her home in Maple Grove to the employer's terminal in Osseo and "punch in." She would then drive the employer's mini-bus to pick up and deliver special education students to various schools in surrounding communities, making three complete trips each day. Initially the employee was required to return the bus to the terminal between each shift and "punch out." At some point, however, the employee sought and received permission to drive her mini-bus home between shifts. Although the employee was compensated for her travel time between shifts, she was not compensated for the time spent at home while on break. At the end of the employee's work day, she would return the mini-bus to the terminal and drive her own car home.

On January 19, 1988, after completing her usual morning route, the employee returned to the terminal because her vehicle was low on fuel. After refueling her vehicle, the employee punched out and drove the bus home. While alighting from the mini-bus, the employee slipped on ice in her driveway, injuring her left knee. The employee subsequently instituted these proceedings, alleging that her knee injury was compensable under the Minnesota Workers' Compensation Act because the employer had furnished her transportation to and from work. Minn.Stat. § 176.011, subd. 16 (1988). The compensation judge agreed and awarded benefits on that theory. On appeal, the Workers' Compensation Court of Appeals reversed by panel majority, concluding that the transportation exception did not apply where the employee was allowed to drive the mini-bus home for her own convenience.

As a general rule, injuries suffered while an employee is commuting to or from work are not compensable. *Swanson by Swanson v. Fairway Foods*, 439 N.W.2d 722 (Minn.1989). An exception for employer-furnished transportation is, however, provided at Minn.Stat. § 176.011, subd. 16 (1988):

> Where the employer regularly furnishes transportation to his employees to and from the place of employment, such employees are subject to this chapter while being so transported * * *.

Accordingly, injuries sustained while traveling to or from work in a vehicle furnished by the employer are compensable if the transportation is regularly furnished and under the employer's control. *Lehn v. Kladt*, 312 Minn. 557, 250 N.W.2d 846 (1977); *Bonfig v. Megarry Brothers, Inc.*, 294 Minn. 180, 183, 199 N.W.2d 796, 798 (1972). Here, however, the WCCA concluded, based on the decision in *Funk v. A.F. Scheppmann & Son Constr. Co.*, 294 Minn. 483, 199 N.W.2d 791, 792 (1972), that the statutory exception was inapplicable with respect to this employee who, although using her employer's vehicle with the employer's permission, had gone to her home for her own personal convenience

rather than in performance of services for her employer.

It may be, as the employee contends, that the "convenience of the employee" has been overemphasized in determining whether an employee's travel home was in the course of employment. It may also be, as the employer contends, that the transportation exception was not intended to apply to split shift employees who drive their own automobile to and from work but are allowed to drive their employer's vehicles home while on break. Certainly, even though an employee's work day is unfinished, injuries that occur while the employee is on break and away from the employer's premises are not ordinarily compensable. *Gibberd by Gibberd v. Control Data Corp.*, 424 N.W.2d 776 (Minn.1988). We need not reach this issue, however, for even if the compensation judge's conclusion that the employee's trip home fell within the transportation exception was correct, his reliance on principles applicable to injuries which occur on the employer's premises or to travel between two parts of the employer's premises in order to extend the transportation exception to the injury sustained by this employee was misplaced. Here the employee parked the mini-bus not on premises under her employer's control but in the driveway to her own home. When the employee alighted from the mini-bus in her driveway at the end of her morning shift and approached the mini-bus to begin her noontime shift, any analogy to the main premises rule does not apply. The hazard the employee faced of falling on snow or ice after stepping out of the mini-bus and onto her driveway was the same hazard faced by any person walking on employee's driveway, and we decline "to start the dangerous and unending game of fixing a 'reasonable distance' to which protection is extended." 1 Larson, *The Law of Workmen's Compensation* § 17.40 (1990).

Affirmed.

WAHL, Justice (dissenting).

I respectfully dissent. This workers' compensation matter comes before us on a writ of certiorari to review a decision of the Workers' Compensation Court of Appeals reversing, by panel majority, a compensation judge's determination that a special education school bus driver's injuries arose out of and in the course of her employment. At issue was whether the employee's regular journeys home in the employer's mini-bus to park the vehicle between bus "runs," instead of returning the vehicle to the employer's terminal, were covered by the Workers' Compensation Act. The Workers' Compensation Court of Appeals panel majority determined that the between shift trips home were not covered because they were made solely for the employee's personal convenience. It seems to me, however, that where the employee was not allowed to use the mini-bus for any purpose other than her work, where there was no dispute that she only drove home between shifts to park the vehicle in anticipation of the next bus run, and where the employee was generally compensated for her travel time during these trips, these trips home were, under the special facts of this case, within the course of the employment.

Patricia M. Raymond began working as a special education bus driver for the Osseo–Brooklyn School Bus Company in August 1987. Unlike the employer's "regular route" school bus drivers who would transport 60–70 children from a neighborhood in a single school district, the routes of special education bus drivers were tailored to the needs of a small number of children. As a normal part of her job, the employee drove a 20–seat capacity mini-bus. On a typical work day, the employee would drive her own car from her home in Maple Grove to the employer's terminal in Osseo, "punching in" at about 7:10 a.m. The employee would then drive the employer's mini-bus to pick up and deliver special education students to various schools in the surrounding communities. Ordinarily, she would make three pickup/delivery trips each day: one in the morning, another at noon, and the third in the afternoon. Between the morning and noon run, the employee would usually have a 2–hour break; and between the noon and afternoon run, she would normally have a 40–minute

break, finishing the day at around 5:00 p.m. Initially, the employee would return the mini-bus to the employer's terminal after each shift and "punch out." At some point, the employee received permission to drive her assigned mini-bus home between trips rather than returning the bus to the terminal. The employee was paid for her travel home following each trip, but she was not paid for the time spent at home between trips. Although the employee was free to do whatever she pleased between the trips, because she was only allowed to drive the bus to her home or to the terminal between trips, the employee remained at home following the morning and midday trips.

On January 19, 1988, the employee completed her usual morning route and returned to the terminal because her mini-bus was low on fuel. After refueling her mini-bus, the employee went into the terminal and punched out. The employee then drove the mini-bus to her townhouse, arriving at approximately 10:00 a.m. As the employee was alighting from the mini-bus, she slipped on the ice in her driveway, injuring her left knee.[1]

As a general rule, injuries suffered by an employee while commuting to and from work are not compensable. *Swanson by Swanson v. Fairway Foods*, 439 N.W.2d 722 (Minn.1989). There are, however, a number of generally recognized exceptions such as when the employer regularly furnishes the employee transportation to and from work,[2] when the nature of the job necessitates travel as part of the service,[3] and when the employee is exposed to a special hazard while traveling to and from the employment.[4] G. Bradt, *An Examination of the "Arising Out Of" and "In the Course Of" Requirements Under the Minnesota Workers' Compensation Law*, 6 Wm. Mitchell L.Rev. § 533, 552–53 (1980).

This case was litigated as a transportation exception to the general rule excluding from workers' compensation protection injuries received while going to and from work, and the compensation judge awarded benefits under this theory.

In challenging the award of benefits before the Workers' Compensation Court of Appeals, the employer/insurer argued that under *Funk v. A.F. Scheppmann & Son Constr. Co.*, 294 Minn. 483, 199 N.W.2d 791 (1972) (per curiam), the transportation exception did not apply to the employee's trip home because the vehicle was furnished solely for the convenience of the employee.[5] The Workers' Compensation Court of Appeals agreed and reversed the award of benefits by panel majority. In *Funk*, the decedent, working on a construction project in Iowa, was furnished his employer's truck, together with the expenses of operation, for work; and he was allowed to use the truck to travel to and from his home in Minnesota on the weekends. He was killed while returning to the job site from his home. An award of compensation, made on the grounds that transportation was furnished by the employer, was reversed. This court indicated that the award was improper because the trip was made for the employee's "personal convenience." *Id.* at 483–84, 199 N.W.2d at 792. *Funk* is generally considered a "travel as part of the service" case. 1 Larson, *supra* § 16.31, n. 54 (1990). In *Funk*, the injuries were received on a personal mission which did not fall within the ambit of travel as part of the service rule. Bradt, *supra* at 560–61.

In any event, unlike Funk, the employee in this case was not on a personal mission. She was not using the employer's mini-bus for her personal errands. Repeatedly, the employee testified that she had authority only to take the mini-bus to her home in

---

1. The employee testified that her slip and fall occurred during her "first step down" from the mini-bus. She had placed her right foot on the ground when the left leg slipped under her.

2. Minn.Stat. § 176.011, subd. 16 (1988).

3. *E.g., Lundgaard v. State*, 306 Minn. 421, 237 N.W.2d 617 (1975).

4. *See Johannsen v. Acton Construction Co.,* 264 Minn. 540, 119 N.W.2d 826 (1963).

5. Not challenged on appeal to the Workers' Compensation Court of Appeals was the compensation judge's determination that the transportation home had not come to an end prior to the occurrence of the accident.

anticipation of the next school bus pickup. The employee's home was centrally located and, with reference to her midday trips, was about the same distance in time and miles as the employer's terminal. Normally, she was compensated for her travel time home during these between shift trips.[6] The compensation judge rejected the employer/insurer's contention that the employee's trip home was for her personal convenience without benefit to the employer, and so would I. To me, the employee's journey home did come within one of the exceptions to general "to and from work" rule. Although the majority concludes that the injury which occurred while the employee was alighting from the bus was not covered by the Act, to me this conclusion is inconsistent with prior law. *Markoff v. Emeralite Surfacing Products*, 190 Minn. 555, 252 N.W. 439 (1934) (injury received by employee while crossing highway toward his home after alighting from a truck regularly furnished by employer held to be compensable). Given the present state of the record, as well as the manner in which this case was litigated at the hearing level and handled on appeal, I would reverse the Workers' Compensation Court of Appeals decision and reinstate the decision of the compensation judge.

POPOVICH, C.J. I join in the dissent of Justice Wahl.

YETKA, J. I join in the dissent of Justice Wahl.

---

6. While the employee was not compensated for her travel home immediately prior to the accident because she had refueled at the employer's terminal and punched out, I fail to see how refueling so altered the nature of what clearly would otherwise have been a journey within the course of employment; and none of the parties have advanced such a claim.