Lyle **STARRETT**, Respondent,

v.

**PIER FOUNDRY and Minnesota Assigned Risk Plan/E.B.A., Relators,**

and

**Mutual Service Casualty Insurance Company, intervenor, Respondent.**

No. CX–91–1507.

Supreme Court of Minnesota.

Aug. 14, 1992.

Joyce Mellom, Hill Law Office, Minneapolis, for appellant.

Scott Soderberg, Sieben, Grose, Von Holtum, McCoy & Carey, Ltd., Minneapolis, for Lyle Starrett.

Jack D. Moore, Mut. Service Cas. Ins. Co., St. Paul, for Mut. Service Cas. Ins. Co.

GARDEBRING, Justice.

This worker's compensation matter is before us by certiorari upon the relation of Pier Foundry (Pier) and Minnesota Assigned Risk Plan (MARP) to review a decision of the Workers' Compensation Court of Appeals (WCCA). The WCCA affirmed the compensation judge's determination that Lyle Starrett's injuries, received when Starrett, an employee of Pier, tripped as he alighted from a co-worker's truck and fell onto Pier's parking lot on the way to work, were compensable personal injuries under the applicable provisions of the Minnesota Workers' Compensation Act (the Act), Minn.Stat. § 176.011, subd. 16, and Minn. Stat. § 176.021, subd. 1 (1990).

Lyle Starrett, an employee of Pier, rode to work each day in a pickup truck owned and driven by a co-worker. On the morning of August 14, 1989, Starrett and his co-worker arrived at the Pier parking lot within an hour of when their regular shift at the foundry was to begin. As Starrett stepped out of Hanson's truck, he tripped on a wire coming from the truck's dashboard, and fell onto the Pier parking lot, breaking his hip. As a result of his injury, Starrett was totally disabled from August 14 to November 13, 1989. Mutual Service Casualty Insurance Company, the provider of Hanson's car insurance, originally paid Starrett's medical expenses, and has intervened in this action.

Parking lots owned or maintained by the employer for the employees are considered part of the work "premises";

and travel between the employer's parking lot and the main premises is considered to arise out of and in the course of employment. *See Merrill v. J.C. Penney*, 256 N.W.2d 518 (Minn.1977); *Goff v. Farmers Union Accounting Serv.*, 308 Minn. 440, 241 N.W.2d 315 (1976); *see* Bradt, *An Examination of the "Arising out of" and the "In the course of" Requirements Under the Minnesota Workers' Compensation Law*, 6 Wm.Mitchell L.Rev. 533, 564–65 (1980); *see also* 1 A. Larson, *The Law of Workmen's Compensation*, §§ 15.14(b) and 15.42(a) (1992). Another firmly established precept is that the protection of workers' compensation acts extends to a reasonable period beyond actual working hours if an employee is engaging in activities reasonably incidental to employment. *Kirchner v. County of Anoka*, 339 N.W.2d 908, 911 (Minn.1983); *Blattner v. Loyal Order of Moose*, 264 Minn. 79, 80–81, 117 N.W.2d 570, 571–72 (1962); *Corcoran v. Fitzgerald Bros.*, 239 Minn. 38, 40, 58 N.W.2d 744, 746 (1953). Here, as the Workers' Compensation Court of Appeals and the compensation judge concluded, where Starrett was on his employer's premises and engaged in activity reasonably incidental to his employment, his injuries were compensable.

Affirmed.

Employee is awarded $400 in attorney fees.