Audrey A. McCONVILLE, Relator,

v.

CITY OF ST. PAUL, self-insured, and Illinois Farmers Insurance Co., Intervenor, Respondents.

No. C6–94–1888.

Supreme Court of Minnesota.

Feb. 24, 1995.

John J. Horvei, Horvei, Gubbe & Krueger, P.A., Roseville, for relator.

Timothy S. Crom, David J. Hoekstra, Jardine, Logan & O'Brien, St. Paul, for City of St. Paul.

James A. Schaps, Hansen, Dordell, Bradt, Odlaug & Bradt, St. Paul, for Illinois Farmers Ins. Co.

## OPINION

COYNE, Justice.

Certiorari on the relation of employee, Audrey A. McConville, to review a decision of the Workers' Compensation Court of Appeals reversing an award of workers' compensation benefits. We reverse and reinstate the decision of the compensation judge.

Audrey A. McConville was employed as the office manager of the records division of the police department of the City of St. Paul. She ordinarily worked from 6:30 a.m. to 2:30 p.m. without any regular lunch period, but the employer permitted employee to take a lunch or exercise break during her working hours. During her break, however, the employee was required to keep the department informed of her whereabouts because she

was considered "on call" at all times during her workshift.

In order to encourage its employees to engage in some exercise, the employer sponsored a "Walk in the Park" program. Weather permitting, this voluntary activity took place 3 days per week from 11:00 a.m. to 12:00 noon. The employer provided transportation to and from the park in a police department vehicle driven by a police officer. On August 29, 1989, the employee was transported in a police department paddy wagon to Battle Creek Park where she and two other participants walked for about 35–40 minutes. On the return trip the paddy wagon was involved in an accident. The employee sustained a low back injury. Subsequently, the employee asserted a claim for workers' compensation benefits pursuant to Minn. Stat. § 176.011, subd. 16 (1994), which provides in relevant part as follows: "Where the employer regularly furnished transportation to employees to and from the place of employment such employees are subject to this chapter while being so transported * * *." The compensation judge ruled that employee's injury was compensable and awarded certain benefits, but the WCCA reversed on the ground that because injuries incurred while voluntarily participating in an employer's wellness program are excluded from coverage pursuant to the Workers' Compensation Act, Minn.Stat. § 176.021, subd. 9 (1994), employer-furnished transportation to or from such activities is also outside the coverage afforded by the Act.

It has, of course, long been established that an injury sustained during an employee's journey between home and the workplace is ordinarily not compensable pursuant to the Workers' Compensation Act, e.g., *Lundgaard v. State, Dept. of Public Safety*, 306 Minn. 421, 237 N.W.2d 617 (1975), unless the employee is on the employer's premises. *See Starrett v. Pier Foundry*, 488 N.W.2d 273 (Minn.1992). Moreover, it cannot be contended that an employee injured while participating in an employer-sponsored athletic event or wellness program is entitled to workers' compensation benefits unless the employee's participation was ordered by the employer. *McDonald v. St. Paul Fire & Marine Ins. Co.*, 288 Minn. 452, 183 N.W.2d 276 (1970). More recently the legislature has spoken directly to the exclusion of such injuries. Minn.Stat. § 176.021, subd. 9 (1985).[1] Similarly, we have excluded from the coverage of the Workers' Compensation Act injuries sustained while the employee is returning home from either an employer-sponsored social gathering or an athletic event. *Ramaker v. Marjae, Inc.*, 301 Minn. 58, 221 N.W.2d 125 (1974); *Youngberg v. Donlin Co.*, 264 Minn. 421, 119 N.W.2d 746 (1963). When, however, the employer regularly transports the employee to and from the workplace, injuries sustained while a passenger in the vehicle furnished by and under the control of the employer are personal injuries arising out of and in the course of employment and are subject to the Workers' Compensation Act. Minn.Stat. § 176.011, subd. 16 (1994).

The WCCA relied on two 1972 decisions holding that a construction worker who sustained fatal injuries while driving his employer's truck furnished during off-duty hours was not within the coverage of the Workers' Compensation Act at the time of the accident. In the one case the employee was returning to his motel following a dinner sponsored by the employer. *Bonfig v. Megarry Brothers, Inc.*, 294 Minn. 180, 199 N.W.2d 796 (1972). In the other the employee was returning to his home after a long day's work. *Funk v. A.F. Scheppmann & Son Construction Co.*, 294 Minn. 483, 199 N.W.2d 791 (1972). In both cases this court pointed out that although the employee's use of the truck was with the employer's permission, the use was for the employee's personal convenience and not in performance of services for his employer. But neither *Bonfig*

---

1. Minn.Stat. § 176.021, subd. 9, provides as follows:

   Injuries incurred while participating in voluntary recreational programs sponsored by the employer, including health promotion programs, athletic events, parties, and picnics, do not arise out of and in the course of the employment even though the employer pays some or all of the cost of the program. This exclusion does not apply in the event that the injured employee was ordered or assigned by the employer to participate in the program.

nor *Funk* turned on the fact that the employee's presence in the truck served the employee's convenience. The crux of the matter was that the employee was driving the vehicle:

> We hold, both from the language and the history of this enactment, that it was directed to the distinct situation in which the employer regularly furnished transportation to his employees as passengers in vehicles driven under the direction and control of the employer, pursuant to an understanding or agreement, expressed or implied, that "being so transported" was a condition of the employment relationship.

> The legislature's use of the passive verb form, "being so transported," standing alone, militates against providing coverage in the more common situation where the employee is the active driver of an employer-owned vehicle, as a permissive use for his own convenience and not that of the employer. It is well settled, as a general rule, that an injury to an employee in going to or returning from the employer's premises where his work duties are performed does not arise out of and in the course of his employment so as to provide coverage under the act.

*Bonfig,* 294 Minn. at 182–83, 199 N.W.2d at 798–99.

Although we agree that "there is no perceptible legislative purpose in discriminating between two employees injured en route to or from work on their own time merely because the one was driving his own motor vehicle and the other was driving his employer's," *id.,*[2] there is an obvious legislative purpose in treating an employer-operated vehicle as an extension of the workplace: (a) the employee who rides in the vehicle at the employer's direction is in the employer's service even if the employer regards the transportation as a courtesy to the employee, and the employee is entitled to the protection of the Workers' Compensation Act; and (b) the employer is protected from common law liability to the employee. *See Lindbery v. J.A. Danens & Son, Inc.,* 266 Minn. 420, 424, 123 N.W.2d 695, 698 (1963).

■ Here the employer furnished both vehicle and driver. Just as there is no apparent basis for discriminating between two employees injured en route to or from work just because one was driving his own car and the other was driving his employer's, there is no apparent basis for discriminating between two employees injured while passengers in a vehicle provided and operated by the employer simply because one was en route from home to work and the other was en route from an employer-sponsored wellness program to work.

■ In our view the inclusion within the coverage of the Workers' Compensation Act of injuries sustained while being "transported" by the employer does not depend on the point of origin of the journey. Minn.Stat. § 176.011, subd. 16 (1994). Had the legislature intended that the exclusion of injuries sustained while participating in an employer-sponsored recreational activity also excludes injuries sustained while the employee is being transported to or from the activity in a vehicle regularly furnished and under the employer's control, we have no doubt that the legislature would have expressly excepted that transportation from the coverage provision of Minn.Stat. § 176.011, subd. 16 (1994). Consequently, we reverse the WCCA and reinstate the decision of the compensation judge.

Reversed and compensation judge's award reinstated.

GARDEBRING, Justice (dissenting).

I respectfully dissent. This case requires us to consider the relationship of two provisions of the Workers' Compensation Act, Minn.Stat. § 176.011, subd. 16, which provides coverage for injuries sustained by an employee during transportation to and from the place of employment, if that transportation is regularly furnished by the employer, and Minn.Stat. § 176.021, subd. 9, which precludes coverage for injuries incurred while participating in a voluntary recreation program sponsored by the employer.

As a general rule, an injury occurring on the employer's premises while the employee

---

**2.** Statement taken from *Rosvall v. City of Duluth,* 177 Minn. 197, 199, 224 N.W. 840, 841 (1929).

is going to and from work is compensable, *see Starrett v. Pier Foundry,* 488 N.W.2d 273 (Minn.1992); but if the injury occurs away from the employer's premises, it is not compensable, subject to several exceptions. *See Gibberd by Gibberd v. Control Data Corp.,* 424 N.W.2d 776 (Minn.1988). Consequently, the journey to and from work is normally not covered. *Raymond v. Osseo/Brooklyn School Bus Co.,* 463 N.W.2d 510, 511 (Minn. 1990).

An exception to the exclusion from coverage of the going and coming journey is provided at Minn.Stat. § 176.011, subd. 16 (1994):

> Where the employer regularly furnished transportation to employees to and from the place of employment such employees are subject to this chapter while being so transported * * *.

"Accordingly, injuries sustained while traveling to or from work in a vehicle furnished by the employer are compensable if the transportation is regularly furnished and under the employer's control." *Raymond, supra* (citing *Lehn v. Kladt,* 312 Minn. 557, 250 N.W.2d 846 (1977)). *See also,* Gene P. Bradt, *An Examination of the "Arising Out Of" and the "In the Course Of" Requirements Under the Minnesota Workers' Compensation Law,* 6 Wm. Mitchell L.Rev. 533, 553–57 (1980).

In contrast, as the employer argues, there is a specific statutory exclusion for injuries incurred while participating in voluntary recreational programs sponsored by the employer. In this case there is no dispute that the exercise program from which relator was being transported falls within the ambit of the statute. The question, then, is whether injuries occurred during transportation to the recreational activity, admittedly furnished by the employer, come within the provision providing coverage or within the provision excluding coverage. I conclude that the sounder position is that of the Workers' Compensation Court of Appeals. By enacting Minn.Stat. § 176.021, subd. 9, the legislature concluded that the benefits of encouraging employers to offer voluntary wellness programs outweigh the need to provide Workers' Compensation Act coverage for in-

juries incurred in such programs. To refuse to extend the statutory exemption to transportation activities associated with the voluntary wellness programs appears to me to be inconsistent with that legislative intent. Accordingly, I would affirm the Workers' Compensation Court of Appeals.

TOMLJANOVICH, Justice. I join the dissent of Justice Gardebring.